IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STONE WORKS, LLC,               )
                                )
            PLAINTIFF           )
                                )
v.                              )        CASE NO. 4:21-cv-941
                                )
RANDY SIMS; MEGAN SIMS; WILLIAM )
THOMAS; STONE CONCEPTS, LLC; MARTY )
HESCH, and EDWARD FRALEY        )
                                )
            DEFENDANTS          )

PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY
AND INCORPORATED BRIEF

Comes now the Plaintiff, and for its Motion to Expedite Discovery, states:

I.      Introduction

1.      Pursuant to Federal Rule of Civil Procedure 26(d)(1) Plaintiff seeks expedited

discovery prior to the parties conducting the Rule 26(f) conference.

2.      This action was originally filed in Pulaski County Circuit Court on September 10,

2021 as a Verified Complaint seeking damages and temporary and preliminary injunctive relief

against former employees and competitors alleged to have conspired with them.

3.      The Complaint allege several causes of action and requests for relief, which, if not

granted, could lead to Plaintiffs' irreparable harm. Causes of action include: (I) Conversion; (II)

Tortious Interference With Business Expectancy; (III) Theft of Trade Secrets; (IV) Breach of

Fiduciary Duty and Loyalty; (V) Unauthorized Computer Access and Theft; (VI) Unauthorized

Access to Property; (VII) Civil Conspiracy; (VIII) Breach of Employment Agreement, Non-

Disclosure Agreement and Non-Compete Agreement; (IX) Violation of Arkansas Deceptive Trade Practices Act; (XI) Unjust Enrichment; and (XII) Punitive Damages. The Complaint primarily centers around the actions of its former employees stealing and destroying business records, and conspiring with competitors and suppliers to cause harm to Plaintiff's business interests.

4.     On September 14, 2021 an Ex-Parte Temporary Restraining Order was initially entered by the Pulaski County Circuit.

5.     Thereafter, the Pulaski County Circuit Court entered an Order on September 22, 2021 deleting certain paragraphs from the Ex-Parte Temporary Restraining Order.

6.     The Honorable Ben Story was appointed to conduct a TRO hearing. The hearing began and testimony was taken. However, after lunch the parties engaged in negotiations regarding entry of an Agreed Temporary Restraining Order.

7.     On October 8, 2021 an Agreed Temporary Restraining Order was entered prohibiting the Defendants from engaging in certain conduct and requiring the return of records. A copy of the Agreed Temporary Restraining Order is attached as <u>Exhibit A</u> and incorporated by reference.

8.     In light of the irreparable harm giving rise to the Agreed Temporary Restraining Order Plaintiff seeks expedited discovery.

II.     <u>Request for Expedited Discovery</u>

9.     As is established by the Verified Complaint and the Agreed Temporary Restraining Order, good cause exists for the Plaintiffs to be allowed to conduct an immediate discovery to prevent irreparable harm arising from the wrongdoing of the Defendants.

10.     Defendants are alleged to have engaged in substantial illegal competitive acts in violation of Arkansas statute and common law. Plaintiffs believe, and therefore allege, that these actions continue.

11.     In light of the progress of the case and events which transpired prior to removal to Federal Court, Plaintiff submits that the interests of justice require Plaintiff be allowed to proceed with discovery and not wait to conduct discovery until after the Rule 26(f) conference.

12.     Plaintiff intends to propound written discovery requests to Defendants. Plaintiff also seeks to conduct depositions and issue subpoenas to third parties.

13.     Plaintiff's discovery requests are calculated to lead to the discovery of relevant evidence and also are designed to attempt to discover the full extent of Defendants' wrongful acts.

14.     Expedited discovery is also necessary so that Plaintiff can generate subpoenas to third parties who have documents and information directly related to the issues in this case.

III.     Legal Discussion

15.     Rule 26 (d)(1) of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26 (f). The rule is subject to limited exceptions, including a court order permitting discovery. A federal district court has broad discretion with regard to discovery motions. *See United States v. Washington,* 318 F.3d 845, 847 (8th Cir.2003). Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. *Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc,* 2003 WL 23350128 at 1 (W.D.N.Y.2003)(slip op.). While the Eight Circuit has not adopted

either standard, district courts in this circuit have generally utilized the "good cause" standard. *Monsanto Co. v. Woods,* 250 F.R.D. 411, 2008 WL 821717 (E.D. Mo 2008).

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. *Monsanto Co. v. Woods,* 250 F.R.D. 411, 413, 2008 WL 821717, 2 (E.D.Mo 2008); *See also Semitool, Inc v. Tokyo Electron Am, Inc.,* 208 F.R.D. 273, 276 (N.D.Cal.2002); *Qwest Comm. Int'l, Inc v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003); *Cf. Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 624 (N.D.Ill.2000). Factors commonly considered in determining the reasonableness of an expedited discovery request include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Meritain Health Inc. v. Express Scripts, Inc.,* No. 4:12-CV-266-CEJ, 2012 WL 1320147, 1 (E.D. 01Mo.); *Oglala Sioux Tribe v. Van Hunnik,* 298 F.R.D. 453, 455 (D. S.D. 2014). When these factors are applied to this case it is clear that the need for expedited discovery outweighs any prejudice to the Defendants. With regard to these specific factors: (1) an <u>Agreed</u> Temporary Restraining Order is pending; (2) the breadth of the discovery requests are reasonable; (3) the purpose of requesting expedited discovery is to prevent the continuation of irreparable harm; (4) the burden on the Defendants, if any, is minimal in that this is discovery they will eventually have to produce anyway; and (5) the request for expedited discovery is not far in advance of the typical discovery process that will occur.

16.     Plaintiff has conferred with counsel for Defendants seeking agreement to expedited discovery. No such agreement has been reached.

IV.     Conclusion

17.     Prior to the removal of this case from Pulaski County Circuit Court to United States Federal District Court, this case had begun to make substantial progress and documents and information relevant to many of the issues and were exchanged between the parties. Discovery should be allowed to progress in this case in order to reduce further irreparable harm to Plaintiff.

18.     Plaintiff has attempted to confer in good faith with Defendants, but has received no consent to this Motion.

19.     This Motion is filed without waiver of Plaintiff's right to seek remand.

Respectfully submitted,

*/s/Patrick R. James*
Patrick R. James, ABN 82084
JAMES, HOUSE, SWANN & DOWNING, P.A.
Post Office Box 3585
Little Rock, Arkansas 72203
(501) 372-6555 – phone
(501) 372-6333 - facsimile
Email: pjames@jamesandhouse.com

*Attorney for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

 I, Patrick R. James, certify the foregoing was filed via the Court's electronic filing system this 12th day of November, 2021, which automatically sends notice to the following counsel of record:

Jason C. Smith
Spencer Fane, LLP
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
jcsmith@spencerfane.com

Harry E. "Bud" Cummins
The Law Offices of Bud Cummins
1818 N. Taylor St. #301
Little Rock, AR 72207
bud@budcumminslaw.com

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400
Little Rock, AR 72201
dcarter@jamescarterlaw.com
*Attorneys for Defendant Edward Fraley*

Dustin McDaniel
Scott Richardson
McDaniel, Wolff & Benca, PLLC
1307 West Fourth St.
Little Rock, AR 72201
dmcdaniel@mwbfirm.com
scott@mwbfirm.com
*Attorneys for Stone Concepts, LLC and Hesch*

Timothy O. Dudley
10201 W. Markham, Ste. 328
Little Rock, AR  72205
todudley@swbell.net

Rickey Hicks
902 W. Second St.
Little Rock, AR  72201
hickslawoffice@yahoo.com
*Attorneys for Defendants Sims*

/s/Patrick R. James    
Patrick R. James

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Oct-08 09:23:52
60CV-21-5660
C06D12 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS.
### CIVIL DIVISION

**STONE WORKS, LLC**                                                     **PLAINTIFF**

**VS.**                              **NO. 60CV-21-5660**

**RANDY SIMS, MEGAN SIMS;**
**WILLIAM THOMAS;**
**STONE CONCEPTS LLC;**
**MARTY HESCH;**
**EDWARD FRALEY**                                                **DEFENDANTS**

## AGREED TEMPORARY RESTRAINING ORDER

On this day came on for a hearing, the Plaintiff's Motion for a Temporary Restraining Order. The Plaintiff and the Defendants appeared by and through their respective counsel, except William Thomas who appeared pro se. The Court heard some testimony from the Plaintiff, but before the Plaintiff rested, the parties requested a recess and opportunity to discuss the terms of a temporary restraining order. The parties then appeared before the Court and informed the Court that they had reached agreement on the terms for an agreed order to be entered pending further orders of the Court. The parties then announced the following agreement, which the Court approved.

1.     Defendants Randy Sims, Megan Sims, William Thomas, Stone Concepts, and Marty Hesch are restrained from soliciting jobs of the Plaintiff based on its identification by the former employees Randy Sims, Megan Sims, and William Thomas from records or knowledge developed while employed at Stone Works, by Plaintiff's records, or by any knowledge gained through prior employment of Defendants Randy Sims, Megan Sims, and William Thomas with Stone Works, LLC;

2.     For a period of one year from the date of termination, Defendants Randy Sims, Megan Sims, and William Thomas will not disparage or make any other public comment regarding

1

EXHIBIT A

Plaintiff or its employees to any persons, including but not limited to customers, past or prospective customers, vendors, suppliers, or subcontractors;

3.      For a period of one year, the Defendants Randy Sims, Megan Sims, and William Thomas will not compete in any business that directly or indirectly competes with Plaintiff with the exception that Defendant Randy Sims may work as a stone mason for Stone Concepts and Defendant Megan Sims may continue to work in a technician position for Stone Concepts. They may not be involved in sales or marketing and may not have other than incidental contact, not otherwise inconsistent with this order, with customers, vendors, subcontractors, or suppliers and will direct such communications to Stone Concepts' company management;

4.      With regard to any records in any form, Defendants agree to return to their respective attorneys all of Plaintiff's records or information which was removed, copied, downloaded, disseminated, or retained in any fashion over the last twelve months. This information shall be copied by the attorneys and retained by the attorneys for use in this litigation only and shall not be used for any commercial or other purposes. The originals shall be returned to Plaintiff;

5.      All Defendants are restrained from revealing or utilizing Plaintiff's confidential information or trade secrets in his/her/its knowledge or possession, or threatening to reveal this information;

6.      All Defendants are restrained from engaging in unfair competition or other conduct otherwise prohibited by law;

7.      To the extent any Defendant is in possession of any records of Plaintiff, if not returned, such records shall be maintained and not destroyed or otherwise disposed of;

EXHIBIT A

8.     Each of the Defendants are restrained from engaging in conduct in violation of the prohibitions contained in this Order or assisting or aiding, directly or indirectly, any other person to engage in such conduct;

9.     Nothing in this Order should be interpreted as a waiver or concession as to any claim or defense. The parties reserve all rights and remedies at law and equity.

10.     Defendant William Thomas appeared pro se in a limited capacity and did not specifically agree to the terms of this Order. Therefore, upon retention of counsel, Defendant Thomas is not precluded from seeking revision of this Order.

IT IS SO ORDERED.

Hon. Judge Ben Story

6 October 2021
Date

Approved by:

Tim Giattina

Erin Cassinelli

*Attorneys for Plaintiff Stone Works LLC*

Dustin McDaniel

Scott Richardson

Rickey Hicks

*Attorneys for Defendants Marty Hesch and Stone Concepts LLC*

3

Dan Carter

Bud Cummins

*Attorneys for Defendants Edward Fraley*

Tim Dudley

*Attorney for Defendants Randy Sims and Megan Sims*

William Thomas

*Pro se Defendant*

4

EXHIBIT A