IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| STONE WORKS, LLC, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>RANDY SIMS, MEGAN SIMS; )<br>WILLIAM THOMAS; )<br>STONE CONCEPTS LLC; )<br>MARTY HESCH; and EDWARD FRALEY, )<br>)<br>**Defendants.** ) | Case No. 4:21-CV-00941-JM |

## PLAINTIFF'S MOTION TO REMAND AND INCORPORATED BRIEF IN SUPPORT OF MOTION TO REMAND

COMES NOW Plaintiff, Stone Works LLC, by and through their counsel, Hodge Calhoun Giattina, PLLC; Lassiter and Cassinelli; and James, House, Swann & Downing, P.A., and pursuant to 28 U.S.C. § 1447, move this Honorable Court to enter an Order remanding the above-captioned cause to the Circuit Court of Pulaski County, Arkansas, and state as follows:

1. Pursuant to 28 U.S.C. § 1447, Plaintiff is afforded thirty (30) days from the filing of the Notice of Removal to file a Motion to Remand, seeking to remand the matter to the Circuit Court of Pulaski County, Arkansas.

2. On September 10, 2021, Plaintiff filed a Verified Complaint for Damages and Temporary and Preliminary Injunctive Relief. Contemporaneously, Plaintiff filed a Motion for Ex-Parte Temporary Restraining Order.

3. On September 14, 2021, an Ex-Parte Temporary Restraining Order was entered by the Pulaski County Circuit Court. The Court subsequently amended its Order on September 22, 2021.

4. On September 27, 2021, a hearing was held on Plaintiff's Motion for Ex-Parte Temporary Restraining Order. During the Court's lunch recess, the parties negotiated and ultimately agreed to a Temporary Restraining Order.

5. Thereafter on October 15, 2021, Defendant Edward Fraley filed a Notice of Removal. In Defendant Fraley's Notice of Removal, Fraley asserted that this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331.

6. In Defendant Fraley's Notice of Removal, Fraley fundamentally mischaracterizes Plaintiff's Verified Complaint for Damages and Temporary and Preliminary Injunctive Relief. To justify his Notice of Removal and minimize the totality of Defendants' conduct as alleged in the Complaint, Defendant Fraley asserts that "each and every claim is based upon Plaintiff's allegations that Defendants either misappropriated or obtained Plaintiff's trade secret information and/or used it to damage Plaintiff through contact with customers or through an unfair business advantage". *See* Defendant Edward Fraley's Notice of Removal - Paragraph 10. The crux of the claims asserted in Plaintiff's Verified Complaint for Damages and Temporary and Preliminary Injunctive Relief revolve around a systematic scheme to damage and destroy Plaintiff's business. In total, Plaintiff filed twelve (12) claims against Defendants, consisting of the following: (I) Conversion; (II) Tortious Interference With Business Expectancy; (III) Theft of Trade Secrets; (IV) Breach of Fiduciary Duty and Loyalty; (V) Unauthorized Computer Access and Theft; (VI) Unauthorized Access to Property; (VII) Civil Conspiracy; (VIII) Breach of Employment Agreement, Non-Disclosure Agreement and Non-Compete Agreement; (IX) Violation of Arkansas Deceptive Trade Practices Act; (XI) Unjust Enrichment; and (XII) Punitive Damages. The Complaint primarily centers around the actions of its former employees stealing and

destroying property, including but not limited to business records, and conspiring with competitors and suppliers to cause harm to Plaintiff's business interests.

7. Notably, the two (2) causes of action relied upon by Defendant Fraley in his Notice of Removal – violation of the Defendant Trade Secrets Act (Count III) and the Computer Fraud and Abuse Act (Count V) - are companion causes of action to the Arkansas state statutory violations alleged in the same counts. There is no dispute that the Pulaski County Circuit Court is the proper Court to hear the Arkansas claims.

8. Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress; all four requirements must be satisfied in order for a federal court to have jurisdiction. See *Barone v. Bausch & Lomb, Inc.*, No. 17-CV-06877, 2019 WL 1123254, (W.D.N.Y. Mar. 12, 2019) (concluding that there was no federal subject-matter jurisdiction over state common law claims involving an allegedly defective medical device, where liability was premised on violations of the same federal regulatory and statutory provisions, because the federal issues that were raised were not "substantial" and conferring federal jurisdiction would upset the federal-state balance).

9. Regarding the first factor, Plaintiff agrees that Plaintiff necessarily raised the violations of the federal statutes cited in Count III and Count V of Plaintiff's Complaint. Proving that Defendants stole, misappropriated, and otherwise improperly utilized trade secrets is material to proving violations of the federal statutes included in Plaintiff's Complaint as well as the State law violations that accompany them.

10. Additionally, Plaintiff alleges a litany of Arkansas state law causes of action, violations

of state and federal statutes, while all Defendants deny liability or any violations, therefore the second prong is satisfied in that the federal – and state — matters are actually disputed.

11. However, the two companion federal statutory violations alleged by Plaintiff are not overly substantial or significant to invoke federal jurisdiction. As set forth above, the violations of Count III and Count V are companion violations to the state court violations asserted by Plaintiff in those counts. As federal courts have noted, simply because an action at bar "may require a state court to 'grapple with federal law' and perform 'an individualized assessment of both the scope of the [federal regulation] at issue and the particular conduct alleged to fall within (or without) that [regulation,]' [th]is ... alone [is in]sufficient to 'warrant federal jurisdiction.' " *Mihok v. Medtronic, Inc.*, 119 F.Supp.3d 22, 27 (D. Conn. 2015), 119 F.Supp.3d at 31 (quoting *Standard & Poor's Rating Agency*, 23 F.Supp.3d at 398); see *Dovid v. U.S. Dep't of Agric.*, No. 11 Civ. 2746 (PAC), 2013 WL 775408, at *12 (S.D.N.Y. Mar. 1, 2013) ("A state law cause of action that requires the interpretation of a federal regulation, by itself, is not sufficiently 'substantial' to create federal jurisdiction."), aff'd sub nom. *Congregation Machna Shalva Zichron Zvi Dovid v. U.S. Dep't of Agric.*, 557 F. App'x 87 (2d Cir. 2014).

12. Finally, the matter at bar is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Nowhere in Defendant Fraley's Notice of Removal does Fraley allege that Congress – the body responsible for drafting and legislating the Defend Trade Secrets Act and the Computer Fraud and Abuse Act – specifically precluded state courts from litigating claims made under these statutes. Therefore, as Fraley would have it, state courts would be stripped of all ability to resolve and oversee these federal claims no matter how incidental they may be to a complaint based substantially on violations of state law. That is not what Congress intended as there is no language precluding a state court

from hearing these claims. As such, invoking federal court jurisdiction in this instance was improper and the case should be remanded to the Circuit Court of Pulaski County.

13. The state court can properly render a decision on all claims raised in Plaintiff's Verified Complaint for Damages and Temporary and Preliminary Injunctive Relief, and therefore, this Court should remand the matter to the Circuit Court of Pulaski County, Arkansas. Plaintiff reserves the right to plead further and amend accordingly.

WHEREFORE, Plaintiff respectfully requests this Court issue an Order remanding this cause and proceeding to the Circuit Court of Pulaski County, Arkansas; for their attorneys' fees and costs; and for all other relief to which they are or may be entitled.

Respectfully submitted,

STONE WORKS, LLC

BY: */s/ Timothy J. Giattina*
Timothy J. Giattina
Hodge Calhoun Giattina, PLLC
711 W. 3rd Street
Little Rock, Arkansas 72201
Ph: 501.404.4874
Fax: 501.404.4865
tim@hcglawoffice.com
*Attorney for Plaintiff*

and

*/s/ Erin Cassinelli*
Erin Cassinelli
ABN 2005118
erin@lcarklaw.com
LASSITER & CASSINELLI
300 S. Spring St., Suite 800
Little Rock, AR 72201
(501) 370-9306
*Attorney for Plaintiff*

and

*/s/ Patrick R. James*
Patrick R. James
James House Swann & Downing P.A.
Post Office Box 3585
Little Rock, AR 72203-3585
501-372-6555
pjames@jamesandhouse.com

## **CERTIFICATE OF SERVICE**

I, Timothy J. Giattina, do hereby certify that a copy of the foregoing has been served, on the following counsel of record via electronic filing and electronic mail on this 15th day of November, 2021:

Timothy Dudley
10201 W. Markham, Ste. 328
Little Rock, AR 72205
todudley@swbell.net
*Attorney for Defendants Sims*

Rickey Hicks
Dustin McDaniel
Scott Richardson McDaniel
Wolff & Benca, PLLC
1307 West Fourth St. Little Rock, AR 72201
scott@mwbfirm.com
*Attorneys for Stone Concepts, LLC And Marty Hesch*

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400 Little Rock, AR 72201
dcarter@jamescarterlaw.com
*Attorney for Defendant Edward Fraley*

Jason C. Smith
AR #2006103
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
(417) 888-1000
(417) 881-8035 (facsimile)
jcsmith@spencerfane.com
*Attorney for Defendant Edward Fraley*

Harry E. "Bud" Cummins
AR #89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301 Little Rock, AR 72207
bud@budcumminslaw.com
*Attorney for Defendant Edward Fraley*

                                        */s/ Timothy J. Giattina*
                                        Timothy J. Giattina