**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**Central Division**

STONE WORKS, LLC,

Plaintiff,

v. Case No. 4:21-cv-941

RANDY SIMS, MEGAN SIMS, WILLIAM THOMAS, STONE CONCEPTS, LLC, MARTY HESCH, and EDWARD FRALEY,

Defendants.

**DEFENDANT EDWARD FRALEY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Edward Fraley ("Defendant Fraley"), for his Response in Opposition to Plaintiff Stone Works, LLC's Motion to Remand, states as follows:

Plaintiff Stone Works, LLC ("Plaintiff") has moved to remand, seemingly raising the issue of whether its claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") and The Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA") assert a substantial federal question for purposes of removal. However, Plaintiff's Motion to Remand does not establish that its Complaint fails to raise a substantial federal question. Instead, Plaintiff seems to argue that the state law claims are more substantial than the federal claims and that somehow the weight of the state law claims is a basis for remand. In reality, however, courts simply do not engage in this sort of balancing test to determine whether a federal court has jurisdiction.

Plaintiff also seems to argue that a state court is a more appropriate court to address both the federal and state law claims than this Court. Plaintiff asserts that "[t]here is no dispute that the Pulaski County Circuit Court is the proper Court to hear the Arkansas claims." *Motion to Remand* [Doc. 13], ¶ 7. Further, Plaintiff argues that "[t]he state court can properly render a decision on all

claims raised in Plaintiff's Verified Complaint for Damages . . ." *Id*. at ¶ 13. This argument of course ignores the principle of supplemental jurisdiction.

Ultimately, removal was appropriate and the Court should deny Plaintiff's Motion to Remand because: (1) Plaintiff has asserted claims in Counts III and V under federal law for which this Court has original jurisdiction; and (2) this Court has supplemental jurisdiction over the state law claims.[1]

**1. In Count III, Plaintiff has asserted a claim under the DTSA over which this Court has original jurisdiction.**

"Defendants may remove civil actions to federal court . . . if the claims could have been originally filed in federal court." *Central Iowa Power Co-op v. Midwest Ind. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009), *citing* 28 U.S.C. § 1441(b); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Further, "[o]riginal federal jurisdiction is available . . . if 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law.'" *White v. Buchanan*, No. 2:19-CV-00163-JM, 2020 WL 921179 at *2 (E.D. Ark. 2020), *quoting Franchise Tax. Bd. of Cal. v. Const. Laborers Vacation Tr. For S. California*, 463 U.S. 1 (1983). "Jurisdiction is established . . . if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id., citing Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005). "Because the plaintiff is considered the

[1] Notably, even Plaintiff seems to have anticipated this case may properly be removed to federal court, as the "Relief Requested" section of Plaintiff's Complaint states that it "seeks monetary damages in excess of the federal jurisdictional limits." *Complaint* [Doc. 4], ¶ 90.

master of his complaint, he may elect to avoid federal removal jurisdiction by relying solely on state law." *Moriconi v. AT&T Wireless PCS, LLC*, 280 F.Supp.2d 867 (E.D. Ark. 2003).

On the face of its Complaint, Plaintiff has alleged a claim under federal law in Count III. In this claim, alleged against "All Defendants," Plaintiff states:

> Defendants Sims and Defendant Thomas stole, took, or fraudulently and deceptively obtained . . . information, including computer data, financial information, customer information, design and bid information, employee files; Defendants Sims and Defendant Thomas without authorization duplicated, downloaded, uploaded, altered, destroyed, copied, transmitted, delivered, sent and conveyed the information; Defendants Fraley, Centurion, Stone Concepts, LLC and Defendant Hesch received or possessed such information knowing it to have been stolen or appropriated, obtained or converted without authorization" and "[t]he confidential and proprietary information illegally taken is information used in interstate commerce by the Plaintiff. This information was willfully and maliciously misappropriated by the Defendants and, therefore, all Defendants are liable for damages caused by the misappropriation pursuant to the Federal Protection of Trade Secrets Act. See 18 U.S.C. 1836.[2]

*Complaint* [Doc. 4], ¶¶ 44-45. As pled, Count III asserts a distinct claim under the DTSA. Only in later paragraphs does Plaintiff assert a separate claim under Ark. Code Ann. § 4-75-604. Therefore, this is not a situation where this Court even has to determine whether there is a substantial federal question presented in a state law claim. Plaintiff has asserted a federal claim under the DTSA for which this Court has original jurisdiction.

In fact, Plaintiff's intention to assert a separate and distinct claim under the DTSA is further evidenced by Plaintiff's own description of Count III as stated in the Motion to Remand, where Plaintiff states verbatim:

> Plaintiff agrees that Plaintiff necessarily raised the violations of the federal statutes cited in Count III and Count V of Plaintiff's Complaint. ***Proving that Defendants stole, misappropriated, and otherwise improperly utilized trade secrets is material to proving violations of the federal statutes*** included in Plaintiff's Complaint as well as the State law violations that accompany them.

[2] Plaintiff has misstated the name of DTSA, but the citation for the DTSA is correct.

*Motion to Remand* [Doc. 13], ¶ 9 [emphasis added].

Plaintiff seems to suggest that because the same facts may underlie both the DTSA claim and the related Arkansas state law claim, this somehow requires both claims to be decided by an Arkansas state court. This is not the law. The fact that Plaintiff has asserted separate claims under Arkansas law for "Theft of Trade Secrets" does not cure or negate the fact that Plaintiff has brought a claim under federal law for which this Court has original jurisdiction and for which removal was appropriate. In fact, it is quite common for plaintiffs to assert claims under the DTSA simultaneously with similar state laws. For instance, in *C. Pepper Logistics v. Lanter Delivery Sys*., the plaintiff asserted claims under the DTSA, the Missouri Uniform Trade Secrets Act, and the Illinois Trade Secrets Act. *See* No. 4:20-cv-01444-MTS, 2021 WL 3725680, at *2 (E.D. Mo. 2021). The court found that "Defendants properly removed [the] case on federal-question grounds under 28 U.S.C. § 1331 based on Plaintiffs' CFAA, DTSA, and 49 U.S.C. § 14704 claims." *See id*. at *11.

**2. In Count V, Plaintiff has asserted a claim under the CFAA, over which this Court also has original jurisdiction.**

Count V likewise provides a basis for federal question jurisdiction under the CFAA. "The CFAA criminalizes various fraudulent or damaging activities related to the use of computers." *Baldor Elec. Co. v. Kelderman*, No. 4:12-CV-0409-JAJ, 2013 WL 12253062, at * 3 (S.D. Iowa 2013) (*quoting Lasco Foods, Inc. v. Hall & Shaw Sales, Marketing, & Consulting, LLC*, 2009 WL 3523986, at *2 (E.D. Mo. 2009)). The "CFAA recognizes 'private causes of action for individuals damaged by computer fraud. . ." *Id.*

In Count V, alleged against "All Defendants," Plaintiff expressly invokes the provisions of the CFAA when it alleges:

> "Defendants accessed the Plaintiff's private servers and databases through their Plaintiff employee logins to secretly take the Plaintiff's confidential and proprietary and other business information," and "[t]he action taken by Defendants constitute felonious criminal conduct under federal and Arkansas law, including (a) Fraud and related activity in connection with computers. *See* 18 U.S.C. 1030.

*Complaint* [Doc. 4], ¶¶ 57-58.

The CFAA has been found to "*clearly*" raise a federal question where, "[o]n its face" a "complaint . . . predicates its cause of action upon an alleged violation of CFAA" and "a right to recover under the . . . laws of the United States." *NCMIC Fin. Corp. v. Artino*, No. 4:07-cv-00204-JEG, 2008 WL 11334182, at *7 (S.D. Iowa 2008) [emphasis added]; *see also C. Pepper Logistics* 2021 WL 3725680, at *11 (E.D. Mo. 2021) (holding "Defendants properly removed this case on federal-question grounds . . . based on Plaintiffs' CFAA [and] DTSA . . . claims.").

**3. This Court has supplemental jurisdiction over the state law claims.**

In addition to its jurisdiction over the DTSA and CFAA claims, this Court may exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1441(c) because such claims "derive from a common nucleus of operative fact." *See OnePoint Solutions v. Borchert*, 486 F.3d 342 (8th Cir. 2007) (*quoting Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005)). "Supplemental, or pendant, jurisdiction exists where 'the relationship between [the federal question] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Boston Scientific SciMed, Inc. v. ev3, Inc.*, 2007 WL 2493117, at *4 (D. Minn. 2007) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

For instance, in *NCMIC Fin. Corp.*, NCMIC had employed the defendant "as vice president of its equipment leasing division." *See* 2008 WL 11334182, at *1. The defendant signed an employment agreement that contained, among other things, a confidentiality provision. *Id*. The

defendant ultimately resigned from his position and subsequently emailed NCMIC's confidential customer information to his personal email address. *Id*. NCMIC began to suspect that the defendant was making unauthorized use of the confidential customer information and later learned that the defendant's email of the confidential customer information to his personal email caused a security breach that required NCMIC to purchase identity theft protection for dozens of customers. *Id*. at 2. "NCMIC filed . . . suit allegation violations of the [CFAA] and several state laws." *Id*. The court determined that, "[p]rovided the Court has proper subject-matter jurisdiction over NCMIC's CFAA claim, the Court has supplemental subject-matter jurisdiction over NCMIC's state law claims because those claims 'are so related to claims in the action within which original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id*. at n. 3.

The Complaint here alleges claims for (I) Conversion; (II) Tortious Interference with Business Expectancy; (III) Theft of Trade Secrets (under the DTSA and Arkansas law); (IV) Breach of Fiduciary Duty and Duty of Loyalty; (V) Unauthorized Computer Program Access and Theft (under the CFAA and Arkansas law); (VI) Unauthorized Access to Property; (VII) Civil Conspiracy; (VIII) Breach of Employment Agreement, Non-Disclosure Agreement, and Non-Compete Agreement; (IX) Violation of Arkansas Deceptive Trade Practices.

The basis for Plaintiff's federal claims is the alleged misappropriation, use, and/or retention of Plaintiff's alleged confidential and proprietary information by Defendants. Those same allegations form the basis of Plaintiff's state law claims, in that:

- **Count I, Conversion**: This claim alleges conversion of the exact same electronic information that forms the basis of Plaintiff's claims under the DTSA and CFAA;

- **Count II, Tortious Interference with Business Expectancy**: This claim alleges that Defendants used the information wrongfully obtained in violation of the DTSA and CFAA to interfere with Plaintiff's business expectancies;
- **Count III, Theft of Trade Secrets**: The state law claim for Theft of Trade Secrets is premised upon the theft of the same alleged trade secret information that forms the basis of the DTSA claim;
- **Count IV, Breach of Fiduciary Duty and Duty of Loyalty**: The basis for this claim is that Defendants Sims and Thomas's use of the information wrongfully obtained in violation of the DTSA and CFAA was also a breach of fiduciary duty and the duty of loyalty;
- **Count V, Unauthorized Computer Program Access and Theft**: The state law claim for Unauthorized Computer Program Access and Theft is premised upon the same unauthorized access and theft that forms the basis of the CFAA claim;
- **Count VI, Unauthorized Access to Property**: This claim alleges that Defendants physically captured and removed the data, records, and documentation that forms of the basis of Plaintiff's claims under the CFAA and DTSA;
- **Count VII, Civil Conspiracy**: This claim alleges that the Defendants "knowingly entered in a conspiracy to access and steal. . .misuse . . .interfere with . . ." etc., the same information that forms the basis of Plaintiff's claims under the CFAA and DTSA;
- **Count VIII, Breach of Employment Agreement, Non-Disclosure Agreement, and Non-Compete Agreement**: The basis of this claim is that Defendants Sims and Thomas's conduct in violation of the DTSA and CFAA was also a violation of their employment and non-disclosure agreements; and

- **Count IX, Violation of Arkansas Deceptive Trade Practices**: This claim is premised upon Plaintiff's assertion that the same exact conduct that forms the basis of the DTSA and CFAA claims also constitutes "unconscionable, false and deceptive acts and business practices."

Each and every claim in this case is premised upon the same nucleus of facts. In order for Plaintiff to recover on any of these claims, Plaintiff will have to establish that the same misappropriation or misuse of information occurred. This Court thus has supplemental jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as its claims clearly and expressly arising under federal law.

**4. Conclusion**

Plaintiff was the master of its Complaint. As such, Plaintiff could have chosen to pursue claims based solely under Arkansas law. It did not do so. Plaintiff instead asserted federal claims under the DTSA and CFAA. This Court thus has original subject matter jurisdiction over Plaintiff's Complaint. Additionally, each and every state law claim asserted in Plaintiff's Complaint is related to Plaintiff's federal claims and, as such, this Court has, and should, exercise supplemental jurisdiction. Plaintiff's Motion to Remand should be denied.

WHEREFORE, Defendant Edward Fraley respectfully requests that this Court deny Plaintiff's Motion to Remand and for such other relief as the Court deems just and proper.

*Respectfully submitted,*

**SPENCER FANE LLP**

*Jason C. Smith*
Jason C. Smith AR #2006103
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
(417) 888-1000
(417) 881-8035 (facsimile)
jcsmith@spencerfane.com

and

*H. E. Cummins*
H. E. "Bud" Cummins AR 89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301
Little Rock, AR 72207
bud@budcumminslaw.com

***Attorneys for Defendant Edward Fraley***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 29th day of November 2021, a true and accurate copy of the foregoing instrument was filed with the Court's electronic filing system, which sent notice of such filing to:

Rickey Hicks
902 West Second St.
Little Rock, AR 72201
hickslawoffice@yahoo.com

Timothy Dudley
10201 W. Markham, Ste. 328
Little Rock, AR 72205
todudley@swbell.net
**Attorneys for Defendants Sims**

Dustin McDaniel
Scott Richardson
McDaniel, Wolff & Benca, PLLC
1307 West Fourth St.
Little Rock, AR 72201
scott@mwbfirm.com
**Attorneys for Stone Concepts, LLC**
**And Hesch**

Erin Cassinelli
Lassiter & Cassinelli
300 S. Spring St., Suite 800
Little Rock, AR 72201
**erin@clarklaw.com**
**Attorney for Plaintiff**

Timothy Giattina
Hodge, Calhoun Giattina, PLLC
711 W.3rd St.
Little Rock, AR 72201
tim@hcglawoffice.com
**Attorney for Plaintiff**

Patrick R. James
James House Swann & Downing P.A.
Post Office Box 3585
Little Rock, AR 72203-3585
501-372-6555
Email: pjames@jamesandhouse.com
**Attorney for Plaintiff**

The undersigned hereby certifies further that on this 29th day of November 2021, a true and accurate copy of the foregoing instrument was mailed via U.S. Regular Mail postage prepaid to Pro Se Defendant William Thomas, 1205 Anemone Dr., North Little Rock, AR 72117.

*Jason C. Smith*
Attorney of Record