IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STONE WORKS, LLC**                                                                                 **PLAINTIFF**

vs.                         NO. 4:21-CV-941-JM

**RANDY SIMS;**
**MEGAN SIMS;**
**WILLIAM THOMAS;**
**STONE CONCEPTS, LLC;**
**MARTY HESCH;**
**EDWARD FRALEY**                                                                                    **DEFENDANTS**

### DEFENDANTS MARTY HESCH AND STONE CONCEPTS, LLC RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND INCORPORATED BRIEF IN SUPPORT OF MOTION TO REMAND

Defendants Stone Concepts, LLC, and Marty Hesch, by and through their attorneys, McDaniel, Wolff, & Benca PLLC, state for their *Response to Plaintiff's Motion to Remand and Incorporated Brief in Support of Motion to Remand*:

Defendant Edward Fraley, with the consent of all other Defendants, removed this action from State court because Plaintiff pleaded federal claims. Plaintiff premised both the state and federal claims on the same set of facts: "a systematic scheme to damage and destroy Plaintiff's business" that "primarily centers around the actions of its former employees stealing and destroying property, including but not limited to business records, and conspiring with competitors and suppliers to cause harm to Plaintiff's business interests." Docket Entry ("DE") 13, *Motion to Remand*, para. 6. Out of this common nucleus of operative facts, Plaintiff alleged twelve different causes of action, two of which explicitly rely on civil actions granted by federal law for recovery. *Id.* Plaintiff now requests that this case be remanded to

1

State court because Plaintiff believes the State court is competent to hear both the federal and state claims. But, this Federal Court has jurisdiction to preside over a complaint grounded in federal and state law. Thus, jurisdiction is proper here and the Motion to Remand should be denied.

> "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. 1441(a).

> "If a civil action includes . . . a claim arising under the Constitution, laws, or treaties of the United States . . . the entire action may be removed."

28 U.S.C. § 1441(c)(1).

As explained in the Notice of Removal, Plaintiff included claims under the Defend Trade Secrets Act ("DTSA") 18 U.S.C. § 1836 and the Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030. Both of these claims are "civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. They also raise substantial federal questions.

"[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Plaintiff concedes that the DTSA and CFAA federal causes of action are "necessarily raised" and "actually disputed." Plaintiff contends that Counts III and V of its Complaint are not substantial and that resolving these federal claims in federal court would disrupt

the federal-state balance approved by Congress. Plaintiff's concession on the first two points is appreciated, but it is mistaken as to the latter two points.

Congress expressly created a civil cause of action under the CFAA for "[a]ny person who suffers damage or loss by reason of a violation of" the CFAA. 18 U.S.C. § 1030(g). The civil action includes the potential for "compensatory damages and injunctive relief or other equitable relief." *Id.* Violation of CFAA carries with it the potential of criminal liability. 18 U.S.C. § 1030(a-c). Plaintiff raised this cause of action in order to seek recover under the CFAA.

The DTSA includes a comprehensive grant of a civil action for violation of the Act. 18 U.S.C. § 1836(b). Congress granted courts the ability to award injunctive relief, compensatory damages, "damages for unjust enrichment caused by the misappropriation," and "exemplary damages" for the willful and malicious misappropriation of trade secrets. 18 U.S.C. § 1836(b)(3). Plaintiff raised this cause of action in order to seek recover under the DTSA.

Accordingly, there can be no doubt that Congress provided for federal court jurisdiction under the CFAA and the DTSA. Civil actions are regularly brought in federal courts for claims under the DTSA. *See e.g. Intertek Testing Services, N.A., Inc., v. Pennisi*, 443 F.Supp.3d 303 (E.D.N.Y. 2020); *Marc Jones Const., LLC v. Scariano*, 2021 WL 923788, 4:21-cv-158 (E.D. Ark. March 10, 2021); *Timber Automation, LLC v. FiberPro, LLC*, 2020 WL 5878211, 6:20-cv-6076 (W.D. Ark. Oct. 2, 2020)(Noting "original jurisdiction under the Defend Trade Secrets Act, 18 U.S.C. §1836(c)"). The same is true for the CFAA. *Miller v. Meyers*, 766 F.Supp.2d 919

(W.D. Ark. 2011)(denying summary judgment on CFAA claim); *Symphony Diagnostice Services No. 1, LLC v. Kingrey*, 2019 WL 7821416, 4:18-cv-463 (E.D. Ark. Jan. 29, 2019).

This is not a case where recovery on a state law claim is dependent on federal claims. Plaintiff specifically pleaded for recovery against all defendants under the DTSA: "all Defendants are liable for damages caused by the misappropriation pursuant to the Federal Protection of Trade Secrets Act. [sic] See 18 U.S.C. § 1836." *Complaint* para. 45. Same for the CFAA: "The action taken by Defendants constitute felonious criminal conduct under federal and Arkansas law." *Complaint* para. 58. In fact, Plaintiff's Motion to Remand concedes that its federal claims "are companion causes of action to the Arkansas state statutory violations alleged in the same counts." *Motion to Remand*, para. 7. Plaintiff goes on to clarify that as to the federal causes of action "Plaintiff necessarily raised the violations of the federal statutes" because "[p]roving that Defendants stole, misappropriated, and otherwise improperly utilized trade secrets is material to proving violations of the federal statutes included in Plaintiff's Complaint." *Motion to Remand* para. 9. At no point does the Complaint limit relief to that available under State law. Plaintiff's *Motion to Remand* amplifies the fact that Plaintiff intended to bring claims for damages under both federal and state law. This precisely allows removal to federal court.

Plaintiff's primary argument against removal seems to be a sort of negative-preemption argument: that the case should be remanded because Congress has not "specifically precluded state courts from litigating claims made under these

4

statutes." *Motion to Remand*, para. 12. Be that as it may, Congress has also allowed litigants to have federal claims heard in federal court alongside state law claims raised in the same Complaint. 28 U.S.C. § 1367. This is true especially where, as here, Plaintiff alleges a common set of operative facts[1] based on which Plaintiff alleges that both federal and state law provide a remedy. *Protégé Biomedical, LLC v. Z-Medica, LLC*, 394 F.Supp.3d 924, 936 (D.Minn. 2019); *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003). In other words, Plaintiff's state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Where that occurs, Congress has granted Defendants the option to have the causes of action decided in federal court. 28 U.S.C. 1441. Concurrent jurisdiction neither deprives this Court of jurisdiction nor does it provide a basis for remand.

Defendants Stone Concepts, LLC and Marty Hesch agree with and join co-defendant Edward Fraley's Response to Plaintiff's Motion to Remand. DE # 16.

Plaintiff cannot demand recovery under Congressionally created federal causes of action, then avoid removal because it prefers state court. Where a complaint raises federal and state law causes of action based on common facts, federal jurisdiction lies and removal is appropriate. Simply put: the *Motion to Remand* provides no basis on which to remand this matter. Removal was proper. The Motion should be denied.

---

[1] "[T]hat Defendants stole, misappropriated, and otherwise improperly utilized trade secrets" *Motion to Remand* para. 9)

WHEREFORE, Defendants Stone Concepts, LLC, and Marty Hesch respectfully request that the *Plaintiff's Motion to Remand and Incorporated Brief in Support of Motion to Remand* be denied, that they be awarded their attorney's fees and costs, and that they be granted all other relief to which they are entitled.

Respectfully submitted,

By: Scott P. Richardson #2001208
Dustin B. McDaniel # 99011
**McDaniel, Wolff, & Benca PLLC**
1307 West 4th St.
Little Rock, AR 72201
o 501-954-8000
fax 866-419-1601
dmcdaniel@mwbfirm.com
scott@mwbfirm.com
vward@mwbfirm.com

Attorneys for Defendants Stone Concepts, LLC, and Marty Hesch