IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STONE WORKS LLC                                                                 PLAINTIFF

vs.                                   No. 4:21-cv- 941 JM

RANDY SIMS, MEGAN SIMS,
WILLIAM THOMAS, STONE
CONCEPTS LLC, MARTY HESCH,
AND EDWARD FRALEY                                                      DEFENDANTS

ORDER

Pending are two motions filed by Plaintiff, a motion to expedite discovery (Doc. No. 12) and a motion to remand to state court (Doc. No. 13).

Motion to Remand.

Plaintiff filed this action in the Pulaski County Circuit Court seeking damages and injunctive relief against three of its former employees (Randy Sims, Megan Sims, and William Thomas), a competitor and its owner (Stone Concepts, LLC and Marty Hesch), and a sales representative for supplier Centurion Stone (Edward Fraley). Plaintiff asserts twelve causes of action, two of which arise out of federal law: violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §1836; and violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. 1030.

A defendant is entitled to remove an action from state court if the plaintiff "could have brought it in federal district court originally, 28 U.S.C. § 1441(a), as a civil action "arising under the Constitution, laws, or treaties of the United States," § 1331. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311 (2005). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted).

Plaintiff chose to include two causes of action that were created by federal law, which gave Defendant Fraley the right to remove the action to this Court. Plaintiff may be regretting its decision to include these federal statutory violations that it characterizes as "not overly substantial or significant." (Doc. No. 13, p. 4). However, as long as these claims remain, this Court has subject matter jurisdiction over these federal questions and supplemental jurisdiction over the state law claims.

<u>Motion to Expedite Discovery</u>. Plaintiff asks the Court to be allowed to proceed with discovery prior to the Rule 26(f) conference, citing the need to conduct immediate discovery to prevent irreparable harm arising from Defendants' actions. However, the harm Plaintiff seeks to prevent has been addressed in an agreed temporary restraining order entered on October 8, 2021 while this case was still in Pulaski County Circuit Court. (Doc. No. 8). After reviewing the record, Plaintiff's motion, and the response of Defendant Edward Fraley, the Court finds that Plaintiff has not established good cause for expediting discovery.

Both Plaintiff's Motion to Expedite Discovery (Doc. No. 12) and Plaintiff's Motion to Remand (doc. No. 13) are DENIED.

IT IS SO ORDERED this 30th day of November, 2021.

James M. Moody Jr.
United States District Judge