IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| STONE WORKS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-00941-JM |
| | ) |
| RANDY SIMS, MEGAN SIMS; | ) |
| WILLIAM THOMAS; | ) |
| STONE CONCEPTS LLC; | ) |
| MARTY HESCH; and EDWARD FRALEY, | ) |
| | ) |
| Defendants. | ) |

**RULE 56(d) AFFIDAVIT OF TIMOTHY J. GIATTINA IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT EDWARD FRALEY'S MOTION FOR SUMMARY JUDGMENT**

I, Timothy J. Giattina, being duly sworn, hereby deposes and says:

1. I am an attorney for Plaintiff in the above-captioned action and am fully familiar with the facts concerning this case. I respectfully submit this sworn Affidavit in support of Plaintiff's Motion for Extension of Time to Respond to Defendant Edward Fraley's Motion for Summary Judgment pending the completion of additional discovery in this action pursuant to Federal Rule of Civil Procedure 56(d).

2. Plaintiff seeks an extension of time to respond to Defendant without waiving the right to oppose Defendant Edward Fraley's motion on any grounds including, without limitation, its argument that the evidence in information already obtained raises genuine, triable issues of material fact sufficient to defeat Defendant's premature motion, or that Defendant fails as a matter of law to carry his initial, threshold burden for purposes of summary judgment under Fed. R. Civ. P. 56 based on the numerous deficiencies in Defendant's motion.

3. Plaintiff requests additional discovery pursuant to Rule 56(d) regarding information

EXHIBIT 1

sought by Plaintiff in discovery related to Plaintiff's claims, as well as arguments asserted by Defendant in his Motion for Summary Judgment, including the following:

    a. All communications with Defendant Randy Sims, Defendant Megan Sims, and Defendant William Thomas, all former employees of Plaintiff;

    b. All communications with Defendant Marty Hesch;

    c. All communications with owners, employees, representatives, or any other agents of Centurion Stone, whom Defendant Edward Fraley claimed for the first time in his declaration directed him to notify Plaintiff they would no longer be a Centurion dealer;

    d. All circumstances by which Defendant Edward Fraley received confidential information of Plaintiff and any and all actions taken as a result of Defendant Fraley receiving confidential information of Plaintiff;

    e. Defendant Fraley's compensation structure and amounts paid from Centurion;

    f. All circumstances in which Centurion has directed Defendant Fraley to notify dealers they would no longer be dealers;

    g. Cell phone records of Defendant Fraley with communications from on or around June 1, 2021 through the current date;

    h. Any current jobs in the central Arkansas area that are utilizing Centurion stone. All requested evidence will assist Plaintiff in establishing issues of triable fact. Plaintiff has reason to believe that Defendant Stone Concept is currently working on former jobs of Plaintiff and that these Centurion stone is being utilized on these jobs.

4. Moreover, and even more specifically, on March 15, 2022, Defendant Edward Fraley produced for the first time a "Declaration" of which he relies on in his Motion for Summary Judgment. The "Declaration" was dated March 3, 2022, but was not produced to Plaintiff

until March 15, 2022, asserting numerous contentions that Plaintiff plans to challenge or dispute. The "Declaration" includes substantial admissions that present additional factual issues that necessitate exploration through discovery. Fraley's "Declaration" also includes an admission of surreptitious receipt of Plaintiff's confidential information from a then employee and now Defendant William Thomas, which resulted in Defendant Fraley terminating Plaintiff's status as a dealer of Centurion. The "Declaration" leaves numerous gaps in time and information that need to be more fully explored by Plaintiff. For example, nearly six weeks passed between Fraley's receipt of Plaintiff's confidential information and Fraley terminating Plaintiff as a dealer for Centurion. There necessarily were communications between Fraley and Centurion and very likely were continued communications between Fraley, Defendant Hesch, and other Defendants following Fraley's receipt of Plaintiff's confidential information, all in furtherance of Defendants' conspiracy. According to Fraley's own "declaration", it is part of his role as a manufacturer's representative to assist dealers (*See Declaration of Edward Fraley – Paragraph 4*). It is reasonable to conclude that such assistance would include disclosure to the dealer of an employee surreptitiously transmitting confidential information to third parties. It is clear from Fraley's "Declaration" that not only did he fail to notify his dealer of the surreptitious receipt of confidential information, he also then republished this information to additional third parties.  Plaintiff was directly harmed as a result of Fraley's actions and upon information and belief, Defendant Stone Concepts directly benefited. Perhaps not uncoincidentally, Defendant Stone Concepts – based on Jonesboro, Arkansas - was in the process of opening a Centurion dealership in Plaintiff's territory.

Finally, Fraley's "Declaration" is facially inconsistent wherein Paragraph 11 Fraley acknowledges at the very least electronic receipt of Plaintiff's confidential information, then merely five paragraphs later in Paragraph 16, Fraley states "I have never possessed electronic data or electronic information belonging to Plaintiff." (*See Declaration of Edward Fraley – Paragraph 11 and Paragraph 16*) Even more damning, a review of Defendant Randy Sims cell phone records reveals that on July 2, 2021, Fraley and Sims had a 15-minute telephone conversation; on July 22, 2021, Fraley and Sims had a 6-minute telephone conversation; and on July 30, 2021, Fraley and Sims had a 10-minute telephone conversation. Defendant Randy Sims was still an employee of Plaintiff at this time. Fraley wholly fails to acknowledge or disclose any of these conversations in his "Declaration" of which he relies upon in his Motion for Summary Judgment, nor has he disclosed or produced his cellular phone records.

Plaintiff requests time to conduct discovery on these issues in order to more fully respond to Defendant Edward Fraley's Motion for Summary Judgment.

FURTHER AFFIANT SAYETH NOT.

_____
Timothy J. Giattina

SUBSCRIBED AND SWORN to before me this 24th day of March, 2022.

_____
NOTARY PUBLIC

My commission expires: 08/09/2031

TERESA FREYALDENHOVEN
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires Aug. 09, 2031
Commission No. 12715618