# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | |
|---|---|
| **STONE WORKS, LLC,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 4:21-CV-00941-JM |
| | ) |
| **RANDY SIMS, MEGAN SIMS;** | ) |
| **WILLIAM THOMAS;** | ) |
| **STONE CONCEPTS LLC;** | ) |
| **MARTY HESCH; and EDWARD FRALEY,** | ) |
| | ) |
|     **Defendants.** | ) |

**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO SEPARATE DEFENDANT EDWARD FRALEY**

Comes now the Plaintiff, Stone Works, LLC, by and through its attorneys, Lassiter & Cassinelli, and James, House, Swann & Downing, P.A., and propounds their First Set of Interrogatories and Requests for Production of Documents upon Separate Defendant Edward Fraley to be answered within the time and manner provided by the Federal Rules of Civil Procedure.

DEFINITIONS

The terms "You," "Your," or "Yourself" shall refer to the party answering this discovery, as well as any officers, agents, employees, representatives, and attorneys, and each person acting or purporting to act on their behalf.

The term "Centurion" shall refer to Centurion Stone Products, LLC, its officers, agents, employees, representatives, affiliates, and subsidiaries.

The term "document" shall refer to all documents, physical and/or electronic, including,

# Exhibit 2

but not limited to, emails, text messages, computer data, letters, memorandums, or any other records in Your possession, custody, or control or which was, but is no longer in Your possession, custody or control.

## INTERROGATORIES

INTERROGATORY NO. 1: Please provide the name, business address and telephone number of all persons who may be called to testify as lay or expert witnesses at the trial of this matter and provide an explanation as to their expected testimony. With regard to each such person, provide a copy of that person's vitae, or state each person's educational background, experience, professional qualifications, professional organizations, educational degrees, and other facts relevant to the qualification of that person as an expert.

INTERROGATORY NO. 2: Please identify each document or tangible thing, including all tangible reports, drawings, charts, exhibits, physical models, compilations of data, and other material prepared by or for any expert whom You may call to testify in anticipation or preparation of the expert's deposition or trial testimony, constituting or describing the discoverable or factual observations, tests, supporting data, calculations, photographs, and opinions of said expert with regard to this case.

INTERROGATORY NO. 3: Please provide the name, address and home telephone number of all persons who may be called to testify as witnesses at any hearing or trial in this matter and provide a detailed explanation as to their anticipated testimony.

INTERROGATORY NO. 4: Please state the date that You first communicated with Defendant Randy Sims. For each communication, please identify what party initiated the communication, the manner in which the communication was initiated, the duration of the communication, the topics that were discussed in the communication, the name or names,

# Exhibit 2

telephone numbers, and addresses of all persons having knowledge of these facts, and identify all paper or electronic documents which support Your answer.

INTERROGATORY NO. 5: Please state the date that You first communicated with Defendant Megan Sims. For each communication, please identify what party initiated the communication, the manner in which the communication was initiated, the duration of the communication, the topics that were discussed in the communication, the name or names, telephone numbers, and addresses of all persons having knowledge of these facts, and identify all paper or electronic documents which support Your answer.

INTERROGATORY NO. 6: Please state the date that You first communicated with Defendant William Thomas. For each communication, please identify what party initiated the communication, the manner in which the communication was initiated, the duration of the communication, the topics that were discussed in the communication, the name or names, telephone numbers, and addresses of all persons having knowledge of these facts, and identify all paper or electronic documents which support Your answer.

INTERROGATORY NO. 7: With regard to any data, information or documents removed from Plaintiff, please state what was done with the records; whether any of the records were provided to You or Centurion Stone ("Centurion") and, if so, the date of each such event; the name or names, telephone numbers, and addresses of all persons having knowledge of these facts; and identify all paper or electronic documents which support Your answer.

INTERROGATORY NO. 8: Please state whether you have seen any document belonging to Plaintiff and if so what document, when did you see it and who gave or showed it to You.

INTERROGATORY NO. 9: Please state whether you have been provided any information derived from documents/data belonging to Plaintiff and if so what information, when and by whom were you provided that information.

# Exhibit 2

INTERROGATORY NO. 10: Please state your compensation arrangement with Centurion Stone and how much compensation you have received from Centurion in the last five years.

INTERROGATORY NO. 11: Please state to the best of Your knowledge each and every reason Centurion ceased selling product to Plaintiff, a full and complete description of Your knowledge; the source of Your knowledge; the date(s) of each event; and each and every person having knowledge of these facts.

INTERROGATORY NO. 12: Who at Centurion directed you to notify Plaintiff on or about August 12, 2021 that it would no longer be a dealer for Centurion; and how did Centurion notify you of this decision?

INTERROGATORY NO. 13: Since 2004, on how many occasions has Centurion directed you to notify dealers that they would no longer be dealers for Centurion; what dealers have you notified that they would no longer be dealers for Centurion; who from Centurion instructed you to notify dealers they would no longer be dealers for Centurion; and how were you instructed?

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please provide copies of all documents identified in the companion Interrogatories.

REQUEST FOR PRODUCTION NO. 2: Please provide a copy of each and every report, evaluation, chart, graph and other such document or tangible thing upon which any lay or expert witnesses will rely in providing You with their expert opinion, preparing their opinion, preparing for trial and in giving testimony at trial or any hearing.

REQUEST FOR PRODUCTION NO. 3: Please produce any documents as it relates to Centurion's direction to you to notify Plaintiff they would no longer be a dealer of Centurion, including, but not limited to, any and all email communication and text messages.

# Exhibit 2

REQUEST FOR PRODUCTION NO. 4:    Please produce copies of all communication, including but not limited to emails, text messages, and letters, between You and Defendant Randy Sims for the time period of January 1, 2021 through the current day.

REQUEST FOR PRODUCTION NO. 5:    Please produce copies of all communication, including but not limited to emails, text messages, and letters, between You and Defendant Megan Sims for the time period of January 1, 2021 through the current day.

REQUEST FOR PRODUCTION NO. 6:    Please produce copies of all communication, including but not limited to emails, text messages, and letters, between You and Defendant William Thomas for the time period of January 1, 2021 through the current day.

REQUEST FOR PRODUCTION NO. 7:    Please produce copies of all communication, including but not limited to emails, text messages, and letters, between You and Defendant Marty Hesch for the time period of January 1, 2021 through the current day.

REQUEST FOR PRODUCTION NO. 8:    Please produce copies of all communication, including but not limited to emails, text messages, and letters, between You and Tim Pardue for the time period of January 2004 through the current day.

REQUEST FOR PRODUCTION NO. 9:    Please provide a copy or duplicate of all documents, tapes, charts, graphs, reports, photographs, letters, diaries, records, documents and other tangible items or things which You may offer as exhibits at the trial in this matter. With regard to those which are not known as potential exhibits at this time, please provide a copy or duplicate of each and every such document or other tangible item immediately upon determination by You or Your attorney that same may be introduced as an exhibit.

REQUEST FOR PRODUCTION NO. 10:    Please produce a copy of any employment agreement You have with Centurion.

REQUEST FOR PRODUCTION NO. 11:    Please produce a copy of any and all pricing

# Exhibit 2

information for Centurion or any other products You sell for Centurion.

REQUEST FOR PRODUCTION NO. 12: Please produce a copy of any and all documents evidencing compensation you have received from Centurion from 2004 through the current date.

REQUEST FOR PRODUCTION NO. 13:   Please produce copies of all communication, including but not limited to emails, text messages, and letters, between You and Centurion, its officers, agents, and/or employees, for the time period of January 2004 through the present.

REQUEST FOR PRODUCTION NO. 14:   Please produce copies of any and all documents in Your possession, custody, or control in any way relating to any person or entity that you believe to be a past, present, or potential customer, vendor, contractor and/or supplier of Plaintiff.

                Respectfully submitted,

                STONE WORKS, LLC

BY:   */s/ Timothy J. Giattina*
       Timothy J. Giattina
       LASSITER & CASSINELLI
       300 S. Spring St., Suite 614
       Little Rock, Arkansas 72201
       Ph: 501.404.4874
       tim@hcglawoffice.com
       *Attorney for Plaintiff*

and

*/s/ Erin Cassinelli*
Erin Cassinelli
LASSITER & CASSINELLI
300 S. Spring St., Suite 800
Little Rock, AR 72201
(501) 370-9306
erin@lcarklaw.com
*Attorney for Plaintiff*

and

# Exhibit 2

                                        */s/ Patrick R. James*
                                        Patrick R. James
                                        James House Swann & Downing P.A.
                                        Post Office Box 3585
                                        Little Rock, AR 72203-3585

                                        501-372-6555
                                        pjames@jamesandhouse.com

## **CERTIFICATE OF SERVICE**

      I, Timothy J. Giattina, do hereby certify that a copy of the foregoing has been served, on the following counsel of record via electronic mail on this 16th day of March, 2022:

Scott Richardson
McDaniel Wolff & Benca, PLLC
1307 West Fourth St. Little Rock, AR 72201
scott@mwbfirm.com
*Attorneys for Stone Concepts, LLC And Marty Hesch*

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400 Little Rock, AR 72201
dcarter@jamescarterlaw.com
*Attorney for Defendant Edward Fraley*

Jason C. Smith
AR #2006103
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
(417) 888-1000
(417) 881-8035 (facsimile)
jcsmith@spencerfane.com
*Attorney for Defendant Edward Fraley*

Harry E. "Bud" Cummins
AR #89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301 Little Rock, AR 72207
bud@budcumminslaw.com
*Attorney for Defendant Edward Fraley*

                                        */s/ Timothy J. Giattina*
                                        Timothy J. Giattina