IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| STONE WORKS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-941 |
| | ) |
| RANDY SIMS, MEGAN SIMS, WILLIAM THOMAS, STONE CONCEPTS, LLC, MARTY HESCH, and EDWARD FRALEY, | ) ) ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANT EDWARD FRALEY'S
MOTION FOR PROTECTIVE ORDER**

Defendant Edward Fraley ("Fraley"), in support of his Motion for Protective Order states as follows:

**I.   BACKGROUND**

This case primarily concerns claims pertaining to Defendants Randy Sims, Megan Sims, and William Thomas ("the Defendant-Employees")'s alleged violations of their employment agreements with Plaintiff Stone Works, LLC ("Plaintiff"), and those same Defendant-Employees' alleged misappropriation of property and information belonging to Plaintiff. The claims and allegations against Defendant Fraley relate to information that he was provided by Defendant Thomas via unsolicited text messages. *See* ECF No. 27, Statement of Uncontroverted Facts ("SUMF") ¶¶ 2, 14-15.

This Motion is asserted solely on behalf of Defendant Fraley, who never worked for Plaintiff and never misappropriated any information or property belonging to Plaintiff. Plaintiff's "shotgun"-pled claims against Defendant Fraley include Count I (Conversion), Count II (Tortious

Interference with Business Expectancy), Count III (Theft of Trade Secrets), Count V (Unauthorized Computer Program Access and Theft), Count VI (Unauthorized Access to Property), Count VII (Civil Conspiracy), Count IX (Arkansas Deceptive Trade Practices Act), Count XI (Unjust Enrichment), and Count XII (Punitive Damages).  As explained more thoroughly in Defendant Fraley's Motion for Summary Judgment [ECF Nos. 25-27], Plaintiff's claims against Defendant Fraley are without merit and Plaintiff has no evidence to support a single claim against Defendant Fraley.

This case was originally filed in the Circuit Court of Pulaski County, Arkansas on September 10, 2021.  Defendant Fraley removed the case to this Court on October 15, 2021. ECF No. 3.   Defendant Fraley filed his Motion for Summary Judgment on March 15, 2022. ECF Nos. 25-27. On March 16, 2022, counsel for Plaintiff unilaterally – and without prior request – served a notice for Defendant Fraley's deposition to occur on April 1, 2022 in Little Rock, Arkansas. *See* notice attached as "Exhibit 1." Plaintiff noticed Defendant Fraley's deposition in Little Rock, even though he is a resident of Missouri and is a defendant in this case.  *See Complaint*, ECF No. 4, ¶ 7.

Also on March 16, 2022, Plaintiff served its First Set of Interrogatories and Requests for Production of Documents to Defendant Fraley, which are attached hereto as "Exhibit 2."  Exhibit 2 includes a number of objectionable Interrogatories and Requests for Production that will be addressed in accordance with the Federal Rules of Civil Procedure. However, to the extent that counsel for Plaintiff will seek to obtain the same objectionable information through Defendant Fraley's deposition, the issues must be addressed in advance of the deposition via Protective Order.

The parties have not been able to resolve these issues themselves after a meet and confer as required by Fed. R. Civ. Pro. 26. Therefore, this motion seeks the following by way of a Protective Order:

a. that Defendant Fraley will be deposed at the office of his lead counsel, Jason C. Smith, Spencer Fane LLP, 2144 E. Republic Rd., Suite B300, Springfield, Missouri 65804;

b. that counsel for Plaintiff or the Defendant-Employees will not be permitted to inquire at Defendant Fraley's deposition as to information that is irrelevant, non-discoverable, or unnecessary for purposes of the pending Motion for Summary Judgment or Plaintiff's claims against Defendant Fraley, to wit:

1. Defendant Fraley's compensation arrangement with Centurion Stone and how much compensation he has received from Centurion (*See* Exhibit 2, Interrogatory No. 10 and Request for Production No. 12);

2. Communications between Defendant Fraley and Defendants Randy Sims Megan Sims, William Thomas, and Marty Hesch that are not related to information provided by the Defendant-Employees to Defendant Fraley about Plaintiff (*See* Exhibit 2, Requests for Production Nos. 4-7);

3. Communications between Defendant Fraley and Centurion Stone's CEO Tim Pardue that are not related to Centurion Stone's decision to cease its relationship with Plaintiff as a Centurion Stone dealer (*See* Exhibit 2, Request for Production No. 8);

4. Defendant Fraley's employment agreement with Centurion Stone (*See* Exhibit 2, Request for Production No. 10);

5. Pricing information for Centurion Stone's products (*See* Exhibit 2, Request for Production No. 11); and

6. Communications between Defendant Fraley and any officer, agent, or employee of Centurion Stone that are not related to Centurion Stone's decision to cease its relationship with Plaintiff as a Centurion Stone dealer (*See* Exhibit 2, Request for Production No. 13).

## II. STANDARD

Fed. R. Civ. Pro. 26(c) governs protective orders and provides that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, "(A) forbidding the disclosure or discovery; (B) specifying terms, including time and place . . . for the disclosure of discovery . . .," and "(D) forbidding inquiry into certain matter, or limiting the scope of disclosure or discovery to certain matters. . ." "When determining whether to issue a protective order, courts apply a 'balancing test' to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue." *Murguia v. Childers*, No. 4:20-CV-05221, 2021 WL 5364197, at *3 (W.D. Ark. 2021), *quoting Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021). "The Rule 'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Frazier v. Graves*, No. 4:20-cv-00434-KGB, 2021 WL 4502150, at *18 (E.D. Ark. 2021), *quoting Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984).

## III. ARGUMENT

### A. Defendant Fraley's deposition should take place at his counsel's office in Springfield, Missouri.

4

In terms of the location of depositions, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition." *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975), *citing Terry v. Modern Woodmen of Amer.*, 57 F.R.D. 141 (W.D. Mo. 1972). "Generally, 'an out-of-state deponent is under no obligation to travel to the location where the case was filed for a deposition.'" *Wellenstein v. Copocci*, No. CIV. 10-4078-KES, 2010 WL 5093411, at *2 (S. Dak. 2010), *quoting Gen. Leasing Co. v. Lawrence Photo-Graphic Supp., Inc.*, 84 F.R.D. 130, 131 (W.D. Mo. 1979). "Unless there are exceptional or unusual circumstances, a deposing party should be required to take a deponent's deposition where the deponent resides, even if the deponent is a party." *Wellenstein*, 2010 WL 5093411, at *2, *quoting Gen. Leasing Co.*, 84 F.R.D. at 131.

The parties have not been able to reach an agreement as to the location of Defendant Fraley's deposition. Plaintiff's counsel has insisted that Defendant Fraley's deposition take place in Little Rock, Arkansas, presumably because of the convenience for Plaintiff's counsel. However, Defendant Fraley resides in Rogersville, Missouri, which is near Springfield, Missouri. Plaintiff is aware that Defendant Fraley lives in the Springfield, Missouri area. *See Complaint*, ECF No. 4, ¶ 7.

Ultimately, there are no exceptional or unusual circumstances that warrant Defendant Fraley's deposition taking place in Little Rock, Arkansas. Further, Defendant Fraley should not be the one to incur additional expenses related to an out-of-state deposition. As such, his deposition should take place at the office of his counsel at Spencer Fane LLP in Springfield, Missouri.

### B. The Court should forbid inquiry into certain topics at Defendant Fraley's deposition.

In the context of discovery needed to respond to a Motion for Summary Judgment, the pertinent question is what discovery is necessary "to rebut the movant's showing of the absence of a genuine issue of fact." *Nichols v. Medtronic, Inc*., 2005 WL 8164643, at *3 (E.D. Ark. 2005), *citing U.S. v. Light*, 766 F.2d 394, 397-98 (8th Cir. 1985). In fact, for a party to seek the postponement of a ruling on motion for summary judgment pending discovery, that party must demonstrate its need for such discovery through an affidavit or declaration. Fed. R. Civ. Pro. 56(d).

Here, Defendant Fraley is not attempting to impede Plaintiff's ability to conduct discovery, as Defendant Fraley certainly has no interest in delaying a ruling on his Motion for Summary Judgment. However, the discovery that has been propounded shows an intention on Plaintiff's part to seek information that is greatly outside the scope of what is necessary to respond to the pending Motion for Summary Judgment, or to otherwise pursue its claims. While the Rules provide the procedures to object to the Interrogatories and Requests for Production, to the extent that Plaintiff seeks to obtain the same objectionable information through Defendant Fraley's deposition, these issues must be addressed through a protective order.

Without completely rehashing the entire background of this case, as more fully set out in Defendant Fraley's Motion for Summary Judgment, the operative facts for purposes of this motion must be addressed. Defendant Fraley's connection to Plaintiff was as a Manufacturer's Representative for Centurion Stone ("Centurion"). ECF No. 27, SUMF ¶¶ 6-8. Defendant Fraley recommended Plaintiff to be a dealer of Centurion in approximately 2005-2006 in Central Arkansas. ECF No. 27, SUMF ¶ 9. Neither Centurion nor Defendant Fraley had a contract with Plaintiff. ECF No. 27, SUMF ¶¶ 10-11. Plaintiff did not sell Centurion's products to third party installers. ECF No. 27, SUMF ¶12. Plaintiff simply used Centurion products for its own masonry

projects – i.e., installing the products directly for the end users. *Id*. Defendant Fraley does not have any knowledge of Plaintiff's customers; nor has he made contact with any such customers. ECF No. 27, SUMF ¶ 31.

Defendants Randy Sims, Megan Sims, and William Thomas ("The Defendant-Employees") worked for Plaintiff in various capacities. *See Complaint*, ECF No. 4, ¶ 9. Plaintiff has alleged that the Defendant-Employees "stole electronic information" including "customer lists, credit applications, customer financial information, estimates, invoices, pricing information, and other proprietary information." *Id*. at ¶ 16. Plaintiff has also alleged that the Defendant-Employees "removed or destroyed . . . information from [their] personnel files . . . and other electronic information." *Id.* at ¶ 18.

Plaintiff's allegations and claims against Defendant Fraley pertain to a single alleged "confidential document" described by Plaintiff as "a credit application from Plaintiff to another manufacturer." ECF No. 4, *Complaint*, ¶ 27. The referenced document was a one-page Commercial Credit Application ("the Application") dated June 22, 2021 to ProVia, a manufacturer of stone veneer and a direct competitor of Centurion, identifying the applicant as Stone Works, LLC. ECF No. 27, SUMF ¶¶ 14 and 24. On or about June 29, 2021, Defendant Thomas sent three photographs to Defendant Fraley via unsolicited text messages, which included one photograph of the Application and two photographs of a fax confirmation showing that the Application had been sent to someone. ECF No. 27, SUMF ¶ ¶ 14-16. Centurion prefers its dealers to exclusively sell its products (and not those of its competitors), which was communicated to Plaintiff on multiple occasions. ECF No. 27, SUMF ¶ 13. Therefore, at Centurion's direction, Defendant Fraley notified Plaintiff on or about August 12, 2021 that it would no longer be a dealer for Centurion. ECF No. 27, SUMF ¶ 26.

In summary, while Plaintiff makes various allegations against the Defendant-Employees regarding violations of their employment agreements and misappropriation of property and electronic data, Defendant Fraley's conduct included nothing more than (1) receiving the unsolicited text messages from Defendant Thomas containing the Application and fax confirmations and (2) conveying the information to Centurion. Centurion then instructed Defendant Fraley to notify Plaintiff that it would no longer be a Centurion dealer, which it had every right to do.

Defendant Fraley is willing to provide any information pertaining to what information he received about Plaintiff from Defendant Thomas, how it was obtained, and why Plaintiff is no longer a dealer for Centurion Stone. However, Plaintiff has not asserted a single meritorious claim against Defendant Fraley and it simply should not be permitted to obtain information that in no way supports it claims against Defendant Fraley.

The information that Defendant Fraley seeks to limit at his deposition is that information which has been requested by Plaintiff in Interrogatory Number 10 and Request for Production Numbers 4-8 and 10-13. Plaintiff's counsel and the Defendant-Employees' counsel should be forbidden from inquiring as to those issues as follows:

- Interrogatory Number 10 and Request for Production Number 12 seek information regarding Defendant Fraley's compensation. While the interrogatory only seeks information for a five-year period of time, the request for production seeks compensation information *since 2004*. Plaintiff's relationship with Centurion ceased in August 2021 and, again, was the decision of Centurion and not Defendant Fraley. There is nothing about Defendant Fraley's compensation that will assist Plaintiff in

responding to Defendant Fraley's Motion for Summary Judgment. Therefore, inquiry into his compensation should be forbidden.

- Request for Production Numbers 4-7 seek communications between Defendant Fraley and Defendants Randy Sims, Megan Sims, William Thomas, and Marty Hesch from January 21, 2021 to present and are not limited to any particular subject matter. Inquiry into those communications should be limited to information provided by the Defendant-Employees to Defendant Fraley about Plaintiff.

- Request for Production Number 8 seeks communications between Defendant Fraley and Centurion Stone's CEO Tim Pardue from *January 2004* to present and are not limited to any particular subject matter. Inquiry into those communications should be limited to communications from June 29, 2021 (the date upon which Defendant Thomas sent Defendant Fraley the text messages of the ProVia application) to present regarding Centurion's decision to cease its relationship with Plaintiff.

- Request for Production Number 10 seeks Defendant Fraley's employment agreement with Centurion Stone. There is nothing about Defendant Fraley's agreement with Centurion that is necessary for Plaintiff to respond to Defendant Fraley's Motion for Summary Judgment. Therefore, inquiry as to the issue should be forbidden.

- Request for Production Number 11 seeks pricing information for Centurion Stone's products. There is nothing about the pricing of Centurion's products that is necessary for Plaintiff to respond to Defendant Fraley's Motion for Summary Judgment. Therefore, inquiry as to the issue should be forbidden. Further, if that information was discoverable, it should be sought directly from Centurion and Centurion should then be permitted to seek its own protections from the Court.

- Finally, Request for Production Number 13 seeks communications between Defendant Fraley and any officer, agent, or employee of Centurion Stone from *January 2004* to present and are not limited to any particular subject matter. Inquiry into those communications should be limited to communications from June 29, 2021 (the date upon which Defendant Thomas sent Defendant Fraley the text messages of the ProVia application) to present regarding Centurion's decision to cease its relationship with Plaintiff.

WHEREFORE, Defendant Edward Fraley requests the Court to enter a Protective Order specifying that his deposition is to take place at Spencer Fane LLP in Springfield, Missouri, and that Plaintiff's counsel and the Defendant-Employees' counsel be forbidden from inquiring at Defendant Fraley's deposition about:

1. Defendant Fraley's compensation arrangement with Centurion Stone and how much compensation he has received from Centurion;
2. Communications between Defendant Fraley and Defendants Randy Sims Megan Sims, William Thomas, and Marty Hesch that are not related to information provided by the Defendant-Employees to Defendant Fraley about Plaintiff;
3. Communications between Defendant Fraley and Centurion Stone's CEO Tim Pardue that are not related to Centurion Stone's decision to cease its relationship with Plaintiff as a Centurion Stone dealer;
4. Defendant Fraley's employment agreement with Centurion Stone;
5. Pricing information for Centurion Stone's products; and

6. Communications between Defendant Fraley and any officer, agent, or employee of Centurion Stone that are not related to Centurion Stone's decision to cease its relationship with Plaintiff as a Centurion Stone dealer; and

for such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

Jason C. Smith AR 2006103
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Mo. 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com

Harry E. "Bud" Cummins AR 89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301
Little Rock, AR 72207
bud@budcumminslaw.com

Daniel R. Carter AR 80023
JAMES & CARTER, PLC
500 Broadway, Suite 400
Little Rock, AR 72201
dcarter@jamescarterlaw.com

*Attorneys for Defendant Edward Fraley*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 28th day of March, 2022, a true and accurate copy of the foregoing instrument was filed with the Court's electronic filing system, which sent notice of such filing to the following attorneys of record:

Rickey Hicks
902 West Second St.
Little Rock, AR 72201
hickslawoffice@yahoo.com

Timothy Dudley
10201 W. Markham, Ste. 328
Little Rock, AR 72205
todudley@swbell.net
**Attorneys for Defendants Sims**

Rickey Hicks
Dustin McDaniel
Scott Richardson
McDaniel, Wolff & Benca, PLLC
1307 West Fourth St.
Little Rock, AR 72201
scott@mwbfirm.com
**Attorneys for Stone Concepts, LLC**
**And Hesch**

Erin Cassinelli
Lassiter & Cassinelli
300 S. Spring St., Suite 800
Little Rock, AR 72201
**erin@lcarklaw.com**

Timothy Giattina
Hodge, Calhoun Giattina, PLLC
711 W.3rd St.
Little Rock, AR 72201
tim@hcglawoffice.com
**Attorney for Plaintiff**

  The undersigned hereby certifies further that on this 28th day of March 2022, a true and accurate copy of the foregoing instrument was mailed via U.S. Regular Mail postage prepaid to Pro Se Defendant William Thomas, 1205 Anemone Dr., North Little Rock, AR 72117.

*Jason C. Smith*