## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**STONE WORKS, LLC**                                                      **PLAINTIFF**

**VS.**                          **NO. 4:21-CV-941-JM**

**RANDY SIMS, MEGAN SIMS;**
**WILLIAM THOMAS;**
**STONE CONCEPTS, LLC;**
**MARTY HESCH; and EDWARD FRALEY**                          **DEFENDANTS**

### PROTECTIVE ORDER

The Court Orders the following:

1.      Certain confidential information may be sought in the discovery process of this case, which should be protected from general dissemination.

2.      This partially agreed Protective Order ("Protective Order") governs "Confidential Information," which shall mean information and business records, including documents produced, deposition testimony, and discovery responses, containing financial, proprietary and/or trade secrets about the parties or non-parties (and/or their business interests), the disclosure of which may prejudice the interests of the parties, non-parties, or said business interests.[1] Confidential Information does not include those records or information identified in paragraph 7.

3.      This Protective Order shall be limited in its application to confidential

Ex. A

---

[1]      For the avoidance of doubt, any summary, extract, paraphrase, quotation, restatement, compilation, note, or copy containing Confidential Information, or any electronic image or database containing Confidential Information, shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, note, copy, electronic image, or database is derived.

1

business and trade secret records, documents, and information, including documents produced, deposition testimony, and discovery responses, containing Confidential Information. For purposes of this Protective Order, the terms "records" and "documents" shall include documents, deposition exhibits, recorded or graphic matter, and other "writings" as defined in Federal Rules of Evidence, Rule 1001.

4. Confidential Information may be designated as "Confidential." Any party or non-party who claims in good faith that any records or information, including documents produced, deposition testimony, and discovery responses, contain Confidential Information (the "producing party or non-party") shall designate those materials that are considered to be covered by this Protective Order in writing to the attorneys in this case at or prior to the time of disclosure of such materials. Deposition or in-Court testimony that constitutes, or references, or includes Confidential Information may be designated as Confidential Information on the record at the time the testimony is given or within ten (10) days after receipt of the transcript containing the testimony. Until the ten-day period has expired, the entire transcript, including exhibits, shall be treated as "Confidential." In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent, the documents or exhibits shall be treated as subject to the provisions of this Protective Order.

5. Any Confidential Information produced during this litigation and designated by the producing party or non-party as "Confidential" will be used solely for the purpose of this litigation and, except as otherwise stated herein, will be

disclosed only to (a) counsel for the other party discovering the documents; (b) employees of such counsel; (c) the discovering party and officers or employees of the discovering party whom the discovering party believes he/she/it needs to consult solely for the purposes of prosecuting, defending and/or appealing this action; (d) witnesses deemed necessary by counsel for the prosecution, defense or settlement of this action; (e) authors or previous senders or recipients of the documents or information;  and (f) the Court and stenographers transcribing the testimony or argument at hearing, trial or depositions in this action or any appeal therefrom. However, the records or documents may be revealed to experts retained by counsel to assist in preparation of this action for trial, but only after the individual has been given a copy of this Order and properly executed a non-disclosure agreement in the form attached hereto as Exhibit A.

6.    Any party may include Confidential Information in any pleadings, motions, memoranda, affidavits, or other material to be filed with the Court but shall file those portions of the pleadings or other materials containing Confidential Information (as well as any appropriate attachments) under seal, with a redacted version to be filed of record. The party shall submit the pleadings or other materials to the Clerk of Court in a sealed envelope bearing the caption of the litigation and an identification of the contents or other method as designated by the Clerk that provides substantially the same level of protection. The party shall conspicuously mark the envelope "Confidential Information Sealed Pursuant to Protective Order."

7.    It is the intention of this Protective Order that, regardless of

designations, the following categories of information shall not be designated as Confidential Information, and that this Order should not be construed as governing or affecting a party's use or disclosure of:   (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise through no actual or alleged act, omission, or fault of any receiving party; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no actual or alleged act, omission, or fault of any receiving party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligation of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligation of confidence or otherwise from any third party having the right to make such disclosure. Subject to the foregoing, during the pendency of this action, any dispute as to whether information is Confidential Information under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof.

8.   A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper.   In the event that any party to this action disagrees at any

stage of this action with such designation, such party shall provide to the producing party or non-party written notice of its disagreement with the designation. The parties (and any affected non-party) shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of the written notice of disagreement. The burden of proving that information has been properly designated as "Confidential" is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as "Confidential" subject to the terms of this Order. Any failure to object to any material being designated as "Confidential" shall not be construed as an admission by any non-designating party that the material constitutes or contains Confidential Information.

9.      The Court will establish procedures for the use of Confidential Information at trial, hearing, or appeal for the purpose of protecting the confidentiality of the same.  Nothing in this Protective Order shall constitute a waiver by any party limiting the use of the material protected herein for any purpose at trial, hearing or at any appeal pursuant to the governing rules of evidence and substantive law or as otherwise ruled upon by the Court provided that the confidentiality of Confidential Information is protected.

10.     Nothing herein shall impose any restriction on the use or disclosure by a party or non-party of its own documents or information, including the deposition testimony of its employees, agents, or experts. Nothing herein shall preclude or

impose any restrictions on the use or disclosure of Confidential Information in response to a properly issued subpoena or legal process compelling the disclosure of same, except as provided in paragraph 13 below.

11.     Nothing in this Protective Order precludes any party or non-party from seeking relief from the Court with regard to the production or request for production of documents or information other than on the grounds of confidentiality. This Protective Order shall not be deemed or construed as a waiver of the attorney-client privilege, work-product doctrine, or any other privilege, or of the rights of any party or non-party, person, or entity to withhold information in response to any discovery request.

12.     This Protective Order does not alter any confidentiality obligations that a party may have at law or under another agreement. If a party or other person is in possession, custody, or control of documents or material, the contents of which have been designated as Confidential Information, and such party or person receives a subpoena, record request, or order for the production of Confidential Information (collectively, "Subpoena"), such party or person shall immediately notify the producing party or non-party, and if possible, providing at least ten business days' notice prior to any required production. The party or other person to whom the Subpoena is directed shall not disclose Confidential Information before the production date set forth in the Subpoena and if appropriate shall seek an extension of time to comply with any Subpoena when necessary to provide the required ten business days' notice as set forth above.

13.     No person shall disclose Confidential Information to any third party, except as provided by this Protective Order. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. This Protective Order applies to all vendors, including without limitation any copy service or document storage companies. It is the responsibility of counsel of record to take reasonable steps to ensure that all vendors comply with this Protective Order.

14.     If Confidential Information is disclosed in violation of this Protective Order, any party who learns of such a disclosure shall inform the other parties and the producing party or non-party of the disclosure and shall make every effort to remediate such disclosure and prevent any further disclosure in violation of this Protective Order.

15.     The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver, in whole or in part, of a producing party or non-party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

16.     All persons to whom records or documents within the scope of this Protective Order have been disclosed shall be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order.   This Protective Order shall continue to be binding after the conclusion of this litigation, and this Court reserves jurisdiction over all persons to whom such documents were disclosed for purposes of

enforcement.

17.     This Protective Order does not preclude either party from seeking further relief or protective orders from this Court.

18.     Within ninety (90) days after final termination of this action (including all appellate proceedings), and upon the request of the producing party or non-party, all Confidential Information in possession of a party to this litigation consultants, and agents shall take reasonable effort to destroy or return to the producing party or non-party or destroy Confidential Information to this litigation. This paragraph does not apply to attorney generated notes, memoranda, work product, or other documents necessary to maintain in the attorney's files consistent with their professional responsibility obligations. Further, attorneys may retain their complete file for insurance and liability purposes.

**IT IS SO ORDERED.**

_____
CIRCUIT JUDGE


_____
DATE




APPROVED BY:


/s/ Timothy Giattina
Hodge Calhoun & Giattina, PLLC

711 West Third Street
Little Rock, AR 72201

Erin Cassinelli
Lassiter & Cassinelli
300 South Spring Street, Suite 800
Little Rock, AR 7220

Patrick R. James
James House Swann & Downing, PA
Post Office Box 3585
Little Rock, AR 72203

and,

_____

Randy Sims
136 Border Circle
Benton, AR 72015

and,

_____

Megan Sims
136 Border Circle
Benton, AR 72015

and,

/s/ Scott Richardson
Dustin McDaniel
McDaniel, Wolff & Benca, PLLLC
1307 West Fourth Street
Little Rock, AR 72201

Rickey H. Hicks
Attorney at Law
2100 Main Street
Little Rock, AR 72206

and,

/s/ Jason C. Smith
Spencer Fane, LLP
2114 East Republic Road, Suite B300
Springfield, MO 65804

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400
Little Rock, AR 72201

H.E. Bud Cummins
Law Offices of Bud Cummins PLC
1818 North Taylor, Suite 301
Little Rock, AR 72207

Paul J. James
James & Carter, PLC
500 Broadway, Suite 400
Little Rock, AR 72201

## EXHIBIT A

### NON-DISCLOSURE AGREEMENT

I represent and warrant that I have read and understand the Agreed Protective Order ("Protective Order"), entered by the Court in the matter of *Stone Works, LLC, v. Randy Sims, Megan Sims, William Thomas, Stone Concepts, LLC, Marty Hesch, and Edward Fraley*, In the United States District Court, Eastern District of Arkansas, Central Division No. 4:21-cv-941.

The undersigned agrees to keep all Confidential Information, as that term is defined in the Protective Order, strictly confidential and shall not disclose same to anyone except as testimony or reference thereto in a deposition in this litigation or as a witness at the trial of this matter or as otherwise permitted by the Protective Order. I agree that I will remain subject to the terms of this Protective Order and the terms of the non-disclosure agreement.

Executed this _____ day of _____, 2022.


_____
Signature


_____
Name and Address of Signatory (please print)