EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| STONE WORKS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-00941-JM |
| | ) |
| RANDY SIMS, MEGAN SIMS; | ) |
| WILLIAM THOMAS; | ) |
| STONE CONCEPTS LLC; | ) |
| MARTY HESCH; and EDWARD FRALEY, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF RUSTY RAY

I, Rusty Ray, state the following under oath and affirmation:

### Introduction

1. I am over the age of 18 years, and am a resident of Maumelle, Arkansas. I am competent to testify, and I have personal knowledge of the facts stated in this Affidavit.

2. The primary purpose of this Affidavit is to provide additional evidence, as well as address and rebut certain statements contained in the Declaration of Defendant Edward Fraley that was attached as an exhibit to his Motion for Summary Judgment.

3. I am a partner and owner (33.33%) of Stone Works, a residential and commercial masonry company with its principal office at 9625 Rowlett Drive, North Little Rock, AR 72113.

4. On or around 2005, Defendant Fraley recommended Stone Works to be the dealer of Centurion Stone (hereinafter "Centurion") for Central Arkansas.

5. On various occasions in the time I have known Defendant Fraley, Fraley has bragged to me that he would "smoke out" any business who did not run their business how he

1

wanted. Fraley used the specific phrase "smoke out" on multiple occasions in conversations with me when discussing what he would do to businesses who did not play by his rules.

6. On August 12, 2021, I was informed by my business partner, Troy Rhodes, that he had received a telephone call from Defendant Fraley. Troy represented that Fraley informed him that he had found out Stone Works was selling ProVia stone and that Stone Works would now have to purchase Centurion from Defendant Marty Hesch, owner of Defendant Stone Concepts LLC. He stated that Fraley advised him that because of this, Stone Works would no longer be permitted to be a Centurion dealer.

7. As a result of receiving this news, I immediately called Defendant Fraley. Fraley indicated that he had received confidential information belonging to Plaintiff in the form of a credit application and that Stone Works was selling ProVia stone. He stated, "I got the evidence." I asked him specifically what "evidence" he was referencing and how he obtained this information. Fraley stated he received the credit application and refused to tell me from where he obtained the information. He stated "I don't know how I got it" and that it had "just showed up on my phone."

8. At no time prior to terminating Stone Works as a Centurion dealer did Fraley ever tell any owner at Stone Works that he was talking to our employees on the telephone.

9. At no time prior to terminating Stone Works as a Centurion dealer did Fraley ever inform any owner at Stone Works that he had received confidential information belonging to Plaintiff from any Stone Works employee.

10. At no time prior to terminating Stone Works as a Centurion dealer did Fraley ever inform any owner at Stone Works that he and Defendant Marty Hesch traveled to Benton, Arkansas in late June 2021, to meet with Defendants Randy Sims, Megan Sims, and William

Thomas, at the house of Defendant Randy Sims, while Defendants Randy Sims, Megan Sims, and William Thomas were still employees at Stone Works. I first learned of this secret meeting Fraley and Defendant Marty Hesch held with Stone Works' employees during Fraley's deposition.

11. We were not aware that Defendants Fraley and Hesch were regularly communicating with our employees until the employees ceased employment and we were able to review telephone records of our employees.

12. In the period when Defendant Fraley was regularly communicating with Randy Sims and during the same period what Defendants Fraley, Hesch, and our employees conducted their secret meeting in Benton, Arkansas, my partners and I were unable to reach Fraley though we attempted to reach him on numerous occasions.

13. We later learned that the Defendants Sims and Thomas removed or copied other proprietary and/or business property from our office and our computers, at least some of which they later used for the benefit of Defendant Stone Concepts LLC, owed by Marty Hesch, who Fraley installed as the area Centurion dealer. Fraley directed that we would have to buy Centurion stone from Stone Concepts.

14. As a result of Defendant Fraley's scheme with the other Defendants to destroy our business, we have suffered significant losses to our business, our revenue, and our reputation.

15. Defendant Stone Concepts, whom Fraley and Centurion installed as their Central Arkansas dealer, has taken jobs that were previously Plaintiff's and aggressively marketed themselves in the area.

16. I have reviewed the Complaint and certify that the facts outlined therein are accurate to the best of my knowledge and recollection.

3

FURTHER AFFIANT SAYETH NOT.

_____
Rusty Ray

SUBSCRIBED AND SWORN to before me this 10th day of June, 2022.

_____
NOTARY PUBLIC

My commission expires:

May 05, 2027

TIMOTHY J GIATTINA
Pulaski County
Commission Number 12700787
Notary Public - Arkansas
My Commission Expires May 05, 2027

4