IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| STONE WORKS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:21-CV-00941-JM |
| | ) |
| RANDY SIMS, MEGAN SIMS; | ) |
| WILLIAM THOMAS; | ) |
| STONE CONCEPTS LLC; | ) |
| MARTY HESCH; and EDWARD FRALEY, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S STATEMENT OF CONTROVERTED FACTS AND MATERIAL FACTS AT ISSUE

1. Plaintiff disputes the assertions made in Defendant Fraley's Declaration.

2. Plaintiff wholly disputes whether the text messages between Defendant Thomas and Defendant Fraley were "unilaterally" sent, and were sent "without solicitation" as stated in Paragraph Two (2) of Defendant Fraley's Statement.

3. Plaintiff disputes the fact that Plaintiff was a ProVia dealer, as stated in Paragraph Three (3) of Defendant Fraley's Statement of Uncontroverted Material Fact (hereinafter referred to as "Defendant Fraley's Statement").

4. Defendant Fraley's arrangement, status, and role, in addition to his duties performed with Centurion, as stated in Paragraph Eight (8) of Defendant Fraley's Statement, are in dispute.

5. Plaintiff disputes that their role as a dealer for Centurion was always at Centurion's discretion, as stated in Ten (10) of Defendant Fraley's Statement, as the interpretation of that role is in question.

6. The formal nature and legal ramifications of Plaintiff's relationship with Fraley, as stated in Paragraph Eleven (11) of Defendant Fraley's Statement of Uncontroverted Material Fact, are at issue.

7. The classification of Plaintiff as simply a masonry service provider, and not a seller of Centurion products to third party installers, as stated in Paragraph Twelve (12) of Defendant Fraley's Statement, is at issue.

8. Plaintiff disputes the characterization of the statement which claims that Centurion prefers that its dealers exclusively sell its stone products (and not those of its competitors), and disputes Fraley's communication of this claim, as stated in Paragraph Thirteen (13) of Defendant Fraley's Statement.

9. Plaintiff once again disputes whether the photographs of the credit application sent by Defendant Thomas to Defendant Fraley were "unilaterally sent" as claimed in Paragraph Fourteen (14) of Defendant Fraley's Statement.

10. Plaintiff disputes whether the photographs of the credit application sent by Defendant Thomas to Defendant Fraley were sent "without solicitation", as claimed in Paragraph Fifteen (15) of Defendant Fraley's Statement.

11. Plaintiff again disputes whether the text messages between Defendant Thomas and Defendant Fraley were unsolicited as claimed in Paragraph Sixteen (16) of Defendant Fraley's

Statement. Plaintiff's dispute is in part due to the fact that Defendant Fraley's insistence that the stolen information was provided to him without solicitation, does not make that statement true.

12.     Plaintiff disputes that Defendant Fraley has never possessed any electronic data or information belonging to Plaintiff, as claimed in Paragraph Eighteen (18) of Defendant Fraley's Statement.

13.     Plaintiff disputes that they were a dealer of ProVia stone as claimed in Paragraph Twenty-Five (25) of Defendant Fraley's Statement.

14.     The facts and circumstances surrounding to Plaintiff's termination as a Centurion dealer are still at issue, and therefore the claims made in Paragraph Twenty-Six (26) of Defendant Fraley's Statements are controverted.

15.     The nature of the assurances given to Plaintiff regarding Centurion fulfilling the existing orders, and the payment arrangement necessary to do so, as claimed in Paragraph Twenty-Eight (28) of Defendant Fraley's Statement are in dispute.

16.     Plaintiff disputes the accuracy of the characterization of their customers as described in Paragraph Thirty (30) of Defendant Fraley's Statement.

17.     Plaintiff disputes Fraley's claim of lack of knowledge regarding Plaintiff's customers, or that he ever had contact with those customers, as claimed in Paragraph Thirty-One (31) of Defendant Fraley's Statement.

18.     Plaintiff disputes that Fraley has not received any financial gain as a result of the action in question as claimed in Paragraph Thirty-Two (32) of Defendant Fraley's Statement.

19. Plaintiff disputes that Fraley has not received any financial gain as a result of any text messages sent by Defendant Thomas to Defendant Fraley, as claimed in Paragraph Thirty-Three (33) of Defendant Fraley's Statement.

20. Plaintiff disputes the statement that they can simply purchase Centurion stone from other dealers as a mischaracterization, as claimed in Paragraph Thirty-Four (34) of Defendant Fraley's Statement.

21. Fraley's comments that he would "smoke out" Plaintiff or other businesses who did not conduct business as he wished are at issue.

22. Fraley's conduct relating to other Centurion dealers he has terminated in the past is material to the claims made by Plaintiff.

23. All communications between Defendants in furtherance of their conspiracy to destroy Plaintiff business are at issue.

24. The circumstances surrounding Fraley's introduction of Stone Works employees to Defendant Marty Hesch and their subsequent communications are at issue.

25. Plaintiff disputes that Fraley told Thomas that it was a "bunch of bullshit" and that he "could get in a lot of trouble" after Thomas electronically sent Fraley Plaintiff's property. Fraley also testified that he "knew it was wrong" for William Thomas to electronically send him Plaintiff's stolen property. See *Exhibit 1* - Fraley Deposition Transcript, Page 258.

26. The circumstances by which Plaintiff was terminated as a Centurion dealer are all material facts at issue.

27. The actions taken by all Defendants in furtherance of their conspiracy are material facts at issue.

28.     The communications and details of communications between all Defendants in the months leading up to Plaintiff being terminated as a Centurion dealer are all at issue.

29.     The manner by which Plaintiff's proprietary information was stolen and the information that was stolen and shared, as well as whether the information constitutes trade secrets is a material fact at issue.

30.     The actions Defendant Fraley took in conspiring with Defendants to access unauthorized electronic information, assist in the theft of Plaintiff information is a material fact at issue, and exercise control or dominion over information are material facts at issue.

31.     At issue are the financial benefits Fraley received as a result of conspiring with all other Defendants in their scheme to damage Plaintiff's business and whether Fraley acted with actual or implied malice in his conduct for purposes of establishing punitive damages.

32.     It is anticipated that through discovery, additional evidence and facts will be uncovered that support material facts at issue as well as Plaintiff's claims. Plaintiff reserves the right to amend these material facts at issue as discovery is ongoing.

Respectfully submitted,

STONE WORKS, LLC

BY:     */s/ Timothy J. Giattina*
        Timothy J. Giattina
        Hodge Calhoun Giattina, PLLC
        711 W. 3rd Street
        Little Rock, Arkansas 72201
        Ph: 501.404.4874
        Fax: 501.404.4865
        tim@hcglawoffice.com
        *Attorney for Plaintiff*

        and

*/s/ Erin Cassinelli*
Erin Cassinelli
ABN 2005118
erin@lcarklaw.com
LASSITER & CASSINELLI
300 S. Spring St., Suite 800
Little Rock, AR 72201
(501) 370-9306
*Attorney for Plaintiff*

And

*/s/ Patrick R. James*
Patrick R. James
James House Swann & Downing P.A.
Post Office Box 3585
Little Rock, AR 72203-3585
501-372-6555
pjames@jamesandhouse.com

## CERTIFICATE OF SERVICE

I, Timothy J. Giattina, do hereby certify that a copy of the foregoing has been served, on the following counsel of record via electronic filing and electronic mail on this 10th day of June, 2022:

Dustin McDaniel
Scott Richardson McDaniel
Wolff & Benca, PLLC
1307 West Fourth St. Little Rock, AR 72201
scott@mwbfirm.com
*Attorneys for Stone Concepts, LLC And Marty Hesch*

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400 Little Rock, AR 72201
dcarter@jamescarterlaw.com
*Attorney for Defendant Edward Fraley*

Jason C. Smith
AR #2006103
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
(417) 888-1000

(417) 881-8035 (facsimile)
jcsmith@spencerfane.com
*Attorney for Defendant Edward Fraley*

Harry E. "Bud" Cummins
AR #89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301 Little Rock, AR 72207
bud@budcumminslaw.com
*Attorney for Defendant Edward Fraley*

Via Email To Pro Se Parties Randy Sims, Megan Sims, and William Thomas

                                                     */s/ Timothy J. Giattina*
                                                     Timothy J. Giattina