IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central Division

| | |
|---|---|
| STONE WORKS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-00941-JM |
| ) | |
| RANDY SIMS, MEGAN SIMS; ) | |
| WILLIAM THOMAS; ) | |
| STONE CONCEPTS LLC; ) | |
| MARTY HESCH; and EDWARD FRALEY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT EDWARD FRALEY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff Stone Works, LLC, and move that this Court enter an order permitting filing of a Surreply to Defendant Edward Fraley's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. In support of Plaintiff's Motion for Leave to File Surreply, Plaintiff states as follows:

1. A review of Defendant Edward Fraley's Reply to Plaintiff's Response to Motion for Summary Judgment may lead this Court to believe that Fraley has engaged in good faith in the discovery process. He alleges that Plaintiff cannot "bring forward evidence supporting its claims" because it has "failed to locate any such evidence" and claims it should be "permitted to continue fishing" for information. See Fraley Reply in Support of Motion for Summary Judgment, D.E. 52 at 3. This could not be further from the truth. To the contrary, Defendant Fraley has refused to produce items of discovery (propounded in March of 2022) – despite lodging no objection to doing

1

so – and while lauding himself before this Court for agreeing to produce those discovery documents – all while withholding those same documents and ignoring repeated requests for them. He is concealing relevant information while suggesting to this Court that it is Plaintiff who has failed in its endeavor to defend its Complaint. He has misled the Court in an effort to unfairly deceive the Court into granting him summary judgment.

2. By way of background, it is noteworthy to remind the Court that this is a pattern of conduct for Fraley. On January 10, 2022, all counsel – *including counsel for Fraley* – agreed through their Joint Rule 26(f) Report and represented to this Court that they would exchange initial disclosures by January 17, 2022. D.E. 21. On Monday, March 14, 2022, Fraley finally sent his initial disclosures to Plaintiff, more than two months after representing to the Court he would exchange them, and *one day* before filing his Motion for Summary Judgment.

3. On April 15, 2022, when Fraley subsequently answered discovery propounded by Plaintiff, Fraley responded to various Requests for Production that he would agree to produce discovery responses: "Fraley will produce responsive documents, if any, at a time, place, and manner agreed to by the parties." See attached Exhibit 1, Defendant Edward Fraley's Objections and Responses to Plaintiff Stone Works, LLC's First Set of Interrogatories and Requests for Production of Documents – see Requests for Production Nos. 4, 5, 6, 7, (pages 6-7). Fraley did not object to these requests for production, yet he has failed to produce the responsive documents since April 15, 2022.

4. Since that time, all counsel involved have held scheduling and discovery conference calls and exchanged numerous emails regarding the exchange of production documents. Counsel for Defendant Hesch and Plaintiff have cooperated, engaged in the discovery process, and ultimately exchanged production documents on July 7, 2022. To date, Fraley has yet

to produce even a single production document. As recently as yesterday, Fraley's counsel is suggesting that there somehow must be a conference for Plaintiff to obtain documents that Fraley himself has repeatedly agreed to produce, without objection, in response to Plaintiff's requests. He has wholly failed to respond to repeated requests for these documents, or to communicate any concern about producing them, or to respond to Plaintiff's counsel's request to discuss it in time to meet the agreed upon dates for exchange of information. See Exhibit 2, Email Thread with Counsel, see emails dated June 21, 2022 and thereafter (pages 14-16).[1] Only upon the threat of bringing this to the attention of the Court did Fraley's counsel begin to cite some "miscommunication" about the matter – notably, no other counsel were confused about their obligations or deadlines. See Exhibit 3, Email Thread between Counsel for Plaintiff and Counsel for Defendant Fraley, July 7, 2022 (pages 1, 19-22, 40-41, and 60-61); Exhibit 4, Email Thread between Counsel for Plaintiff and Counsel for Defendant Fraley, July 8, 2022.

5. Boldly, Defendant Edward Fraley asserted the following in his Reply: "To the extent Stone Works, in the Giattina Affidavit, complains that Fraley objected to its written discovery, despite Fraley also providing answers subject to such objections and agreeing to produce responsive documents, *Stone Works has taken no action since April 15, 2022, to compel any further response from Fraley*." D.E. 52 at 5 fn. 1 (emphasis added.) As set forth above, this is false. Plaintiff and Separate Defendant Marty Hesch agreed to several dates to exchange documents, which they amicably agreed to extend for various reasons, and ultimately exchanged production documents on July 7, 2022. Fraley's counsel were included on all of those

---

[1] Interestingly, instead of addressing why he was not producing documents for which there was no objection, Counsel for Fraley's response to Plaintiff's inquiry about the documents included questioning why Plaintiff had not yet produced documents *in response to Defendant Hesch's discovery requests*.

3

communications and a conference call discussing the exchange of documents; yet, he failed to produce his own and now falsely claims no efforts to obtain them have been made.

6. The undisputable fact is that Defendant Fraley has represented to this Court that Fraley has "agreed to produce" responsive documents and in fact has stated such in an effort to discredit the Plaintiff's defense to summary judgment while Fraley has blatantly and without justification refused to actually produce those same documents. See Fraley Reply in Support of Motion for Summary Judgment, D.E. 52 at 5 fn. 1 ("To the extent Stone Works, in the Giattina Affidavit, complains that Fraley objected to its written discovery, *despite Fraley* also providing answers subject to such objections and *agreeing to produce responsive documents*, Stone Works has taken no action since April 15, 2022, to compel any further response from Fraley.") (emphasis added). Yet to date, Defendant Fraley has not produced a single production document to Plaintiff. As recently as today, counsel for Defendant Fraley and Plaintiff's counsel have exchanged correspondence regarding Fraley's refusal to produce production documents, with Fraley's counsel citing "confusion and/or miscommunication" – this feigned confusion should certainly not inure to the benefit of Defendant Fraley in his attempts to prematurely obtain summary judgment, especially since he has falsely asserted his cooperation in the discovery process in championing his cause to obtain summary judgment.

7. And, finally getting Defendant Hesch's discovery responses confirms that Fraley's representations in his Summary Judgment pleadings about his own participation are false, and make it pretty clear why Fraley has avoided producing his own information. The recently discovered information provides even more support for Plaintiff's allegations about the activities of Fraley and the other defendants – if Fraley properly produces all discoverable information, his own documents should further contradict his position on summary judgment, as Hesch's do.

8.      This newly discovered evidence, produced at approximately 12:00 p.m. on July 7, 2022 by Separate Defendant Marty Hesch, creates additional, substantial disputed issues of material fact raised in Defendant Fraley's Motion for Summary Judgment and Plaintiff's Response. Specifically, some of the highlights include text messages between Separate Defendant Marty Hesch and Separate Defendant Randy Sims, that involve Fraley or Fraley's involvement.

9.      On or around July 7, 2021, a month before the Defendants Sims and Thomas left Plaintiff's employ, Defendant Marty Hesch texted a video to Defendant Randy Sims appearing to show the Centurion Stone inventory at Stone Concept's warehouse (notably, the video has not been produced and only the related photo can be observed in the messages). In response to the video, Defendant Randy Sims states the following: "I got all the videos If you could bring half that down here we could take everything by storm." He then states: "That's about 5000 times what stoneworks is." See <u>Exhibit 5</u> – Defendant Marty Hesch Production Documents 000202 – 000203. Defendant Marty Hesch responded with the following: "Looking forward to you becoming part of the team." See <u>Exhibit 5</u> at Hesch000202 – Hesch000203.

10.     Defendant Edward Fraley has repeatedly represented to this Court that Fraley did not act for his own personal benefit, although Fraley testified that he is compensated by Centurion based upon the square feet he sells. <u>Exhibit 6</u>, Fraley Deposition at 38:04-38:10. By engaging in a scheme with all Defendants to use Defendant Stone Concepts to steal Plaintiff's customers and sell to them Centurion Stone in central Arkansas in place of Plaintiff, it is clear that Defendant Fraley was personally benefiting.

11.     Additionally, on July 30, 2022, before the employees left Plaintiff's employ – and six days after Defendant Randy Sims provided Defendant Marty Hesch with a list of Plaintiff's customer jobs with measurements and stone descriptions, Defendant Randy Sims texted Defendant

5

Marty Hesch that Defendant Megan Sims had written a check to Centurion to which Defendant Marty Hesch responded, "Ok, tim Pardew [CEO of Centurion Stone] and Ed [Fraley] coming Monday I have all your stone ordered." Exhibit 7 at Hesch000213. The conspiracy to use Plaintiff's employees to oust Plaintiff from the market was already well in the works, and Defendant Edward Fraley was squarely in the middle of the scheme, in direct dispute of his declaration and assertions.

12.     Again, on July 30, 2022, still while employed by Plaintiff, Defendant Randy Sims texted Defendant Marty Hesch, in relevant part, the following: "I also told ed [Fraley] go ahead with the cut them off because it may take her eyes off me long enough to get this damn thing signed…I'm afraid to leave before I sign because if I start a new job I'm afraid they won't give me the loan I'll give me the loan but you'll go ahead with what you've got going just don't say my name and maybe it'll take her eyes off me long enough . . . "[2] Exhibit 7 at Hesch000214. This is followed by discussion of Plaintiff's jobs and that next week will "jack [Plaintiff] up," that Plaintiff "thinks [it] still has centurion" . . . , about how Randy Sims will interfere with Plaintiff's business, and that a third party probably will not sell stone to Plaintiff and "if he does it's gonna be really high." Exhibit 7 at Hesch000216-Hesch000217.  Randy Sims is discussing that they have coordinated for Defendants Sims and Thomas to leave Plaintiff's employ while Defendant Fraley will then surprise Plaintiff by "cutting them off" from ordering Centurion materials and they will ensure that Plaintiff cannot get product at a reasonable price to cover its scheduled jobs. Defendant Fraley insists repeatedly in his pleadings that he discontinued business with the Plaintiff due to "their own bad business decision," and even denied under oath that anyone but Tim Pardue was aware of the decision to terminate Plaintiff as a Centurion dealer – this is belied by Defendant

---

[2] Obviously, Defendant Randy Sims is referring to Angela Rhodes, owner of Stone Works, who had agreed to cosign on a residence for Defendants Randy and Megan Sims, as their credit was too low to qualify for financing.

Hesch's own text messages.[3] See Fraley Reply in Support of Motion for Summary Judgment at 1; Exhibit 6, Fraley Deposition at page 267, lines 10-15.

13. Yet, Defendant Fraley has repeatedly alleged that he did not conspire with any other Defendants in any scheme that has damaged Plaintiff; he even denied recalling the content of any of his communications with Randy Sims during this time period. See Exhibit 1, Defendant Edward Fraley's Objections and Responses to Plaintiff Stone Works, LLC's First Set of Interrogatories and Requests for Production of Documents at pages 2-3 (Interrogatory No 4); Exhibit 6, Fraley Deposition at page 246, line 24 through page 247, line 8; page 247, line 23 through page 248, line 3.[4] The evidence produced yesterday by Separate Defendant Marty Hesch proves otherwise, and creates issues of material fact from which summary judgment should be denied, and Plaintiff requests to further explore and brief these issues for the Court's review. Plaintiff requests the Court permit a surreply wherein all of these materials may be used to defend against Fraley's Motion for Summary Judgment, including the materials Fraley produces.

---

[3] Q. Did anybody know besides you and Tim 11 Pardue?
A. That's all. That is all.
Q. And you didn't talk to anybody else about it?
A. No. No.
Exhibit 6, Fraley Deposition at page 267, lines 10-15.

[4] Q Now, did -- tell me why Randy Sims called you or what he told you in conversations before the decision was made to cut off Stone Works?
A. I can't recall the conversations.
Q. Okay. What about after when the decision was made?
A. I can't recall. Randy Sims was like talking to a basketball. I can't recall what all that was said.
Exhibit 6, Fraley Deposition at page 246, line 24-page 247, line 8.

******
Q. Was it before or after Randy Sims called you?
A. I don't remember the phone calls. It would be probably when Randy Sims called me and let me know, but as far as what Randy talked about, I can't remember all that.
Exhibit 6, Fraley Deposition at page 247, line 247, line 23 through page 248, line 8.

14.     As of July 8, 2022, Counsel for Defendant Fraley has indicated he will begin to "produce certain documents to [Plaintiff] rather quickly – potentially today, and by Monday at the latest." Plaintiff asks the Court to permit the filing of a surreply to the Reply in Support of his Motion for Summary Judgment once Defendant Fraley has actually produced the pertinent information and Plaintiff has expeditiously reviewed it and had sufficient time to address it in that pleading. Plaintiff should be given the opportunity to utilize information Defendant Fraley has gamefully withheld; and Defendant Fraley surely should not be granted summary judgment by refusing to comply with discovery obligations.

15.     Plaintiff is also continuing to review the discovery produced by Separate Defendant Marty Hesch and, given what has been reviewed so far, it is likely that Defendant Edward Fraley will be further implicated. As this evidence was newly discovered as of yesterday, Plaintiff should be afforded the opportunity to fully review and file a surreply to Defendant's Reply accordingly.

16.     In the alternative, if the Court declines to grant Plaintiff this opportunity, it should be because the Court denies Defendant Fraley's Motion for Summary Judgment for the reasons set forth in Plaintiff's Response and herein. The Court should not permit Defendant Fraley to escape liability on a premature request for summary judgment, before discovery is completed and while Defendant Fraley has obstructed the discovery process.

WHEREFORE, Plaintiff Stone Concepts, LLC, respectfully requests its Motion for Leave to File Surreply be granted, or Defendant Fraley's Motion for Summary Judgment be denied; for its attorneys' fees and costs; and for all other relief to which it is or may be entitled.

Respectfully submitted,

STONE WORKS, LLC

BY:     */s/ Timothy J. Giattina*
Timothy J. Giattina
Lassiter & Cassinelli
300 S. Spring Street, Suite 614
Little Rock, Arkansas 72201
Ph: 501.404.4874
Fax: 501.404.4865
tim@hcglawoffice.com
*Attorney for Plaintiff*

and

*/s/ Erin Cassinelli*
Erin Cassinelli
ABN 2005118
erin@lcarklaw.com
LASSITER & CASSINELLI
300 S. Spring St., Suite 800
Little Rock, AR 72201
(501) 370-9306
*Attorney for Plaintiff*

and

*/s/ Patrick R. James*
Patrick R. James
James House Swann & Downing P.A.
Post Office Box 3585
Little Rock, AR 72203-3585
501-372-6555
pjames@jamesandhouse.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

    I, Timothy J. Giattina, do hereby certify that a copy of the foregoing has been served, on the following counsel of record via electronic filing on this 7th of July, 2022:

    Dustin McDaniel
    Scott Richardson McDaniel

McDaniel, Wolff & Benca, PLLC
1307 West Fourth St. Little Rock, AR 72201
scott@mwbfirm.com
*Attorneys for Stone Concepts, LLC And Marty Hesch*

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400 Little Rock, AR 72201
dcarter@jamescarterlaw.com
*Attorney for Defendant Edward Fraley*

Jason C. Smith
AR #2006103
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
(417) 888-1000
(417) 881-8035 (facsimile)
jcsmith@spencerfane.com
*Attorney for Defendant Edward Fraley*

Harry E. "Bud" Cummins
AR #89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301 Little Rock, AR 72207
bud@budcumminslaw.com
*Attorney for Defendant Edward Fraley*

Via Email To Pro Se Parties Randy Sims, Megan Sims, and William Thomas

          */s/ Timothy J. Giattina*
          Timothy J. Giattina