IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| STONE WORKS, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 4:21-CV-00941-JM** |
| | ) | |
| RANDY SIMS, ET AL | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

---

COMES NOW Plaintiff, Stone Works, LLC, by and through undersigned counsel, Lassiter & Cassinelli and James, House, Swann, and Downing, and for its Brief in Support of Motion to Compel Discovery, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and other applicable law, states as follows:

1.      Plaintiff Stone Works, LLC, requests an Order compelling discovery to combat Defendant Edward Fraley's failure to fully and properly respond to Plaintiff's discovery requests. Defendant Fraley is attempting to jam through a Motion for Summary Judgment, while failing to adequately and fully respond to discovery. Even more alarming - as detailed below -  only as of August 25, 2022,   was it confirmed during the deposition of Defendant Marty Hesch that Defendant Fraley has not produced all responsive documents to certain requests for production – Defendant Hesch finally produced communications with Defendant Fraley that Defendant Fraley conveniently omitted from his minimal productions.

2.      A party seeking discovery may move for an order compelling production if a party fails to produce documents as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).

1

3.      On March 16, 2022, Plaintiff served Defendant Edward Fraley with its First Set of Interrogatories and Requests for Production of Documents, which included specific requests for production of all communications between him and each of his co-defendants, among other requests for discoverable information.

4.      On April 15, 2022, Defendant Edward Fraley served Plaintiff with his Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production. With regard to requests to produce communications between him and each of Defendants Randy Sims, Megan Sims, William Thomas, and Marty Hesch, Defendant Fraley made no objection and stated that "[he] will produce responsive documents, if any, at a time, place, and manner agreed to by the parties."

5.      On multiple occasions, Plaintiff's counsel repeatedly requested that Defendant Fraley's counsel produce responsive documents, and documents were finally produced on July 8, 2022. In the interim, Fraley's counsel both ignored requests and attempted to insert prerequisites to the production despite no basis in the rules of procedure or otherwise. See Amended Motion for Leave to File Surreply, Doc. #55 at p. 1-4.

6.      To be clear, Friday, July 8, 2022, was the first date Defendant Fraley supplemented his discovery responses and finally produced any production documents. Defendant Fraley's production consisted of additional improper objections and only 8 (eight) production documents.

7.      As a result of Fraley's deficiencies in discovery, Plaintiff's counsel and counsel for Fraley scheduled a conference call for July 19, 2022, in order to confer regarding discovery. Undersigned counsel felt that the conference call was productive; Plaintiff agreed to substantial

limitations regarding the scope of certain interrogatories and requests for production and Defendant Fraley agreed to fully respond to limited requests.[1]

8.      On Tuesday, August 16, 2022, Defendant Fraley finally supplemented his discovery responses. Puzzlingly, it was as if the conference call did not occur, as Fraley barely supplemented his responses at all. Even more puzzling, it is unclear what took Defendant Fraley nearly a month to supplement, given that he only produced 3 (three) additional production documents and hardly supplemented his written responses.

9.      Fraley produced only 3 (three) additional production documents. To date, Fraley has produced 11 (eleven) responsive production documents. One of the documents, relating to the compensation Defendant Fraley received from Centurion, is improperly redacted. Like before, Defendant Fraley continues to insert his own prerequisites to production instead of simply producing discoverable information in a timely manner.[2]

10.     On August 25, 2022, during the deposition of Defendant Marty Hesch, Hesch testified that he had produced text messages between himself and Defendant Edward Fraley to his attorneys. To date, these text messages had not been produced to Plaintiff. During the lunch break

---

[1] Plaintiff has attached a letter Plaintiff's counsel sent to Defendant Fraley's counsel on July 19, 2022 proposing certain limitations on its discovery requests. After the July 19, 2022 call, Defendant Fraley's counsel maintained objections only to Interrogatory No. 10, Interrogatory No. 13, and Request for Production No. 11.

[2] In this instance, Fraley produced a redacted document and requires plaintiff's "consent" to production pursuant to the protective order in order for him to remove the redactions. This is not the proper use of or operation of the protective order (which permits the Plaintiff to maintain an objection to the labeling of information as "confidential."). Instead, the protective order in place protects certain information pertaining to business and trade secrets, if properly identified as "confidential." All Fraley needed to do was identify the business information as confidential and subject to the protective order; the protective order did not provide for redaction or additional agreements by the parties as to disclosure of the information. While not a major issue in the scheme of things, it is but another obstruction, another attempt to delay production of information in what is forming as a pattern of doing so by Defendant Fraley, and an apparent attempt to end run Plaintiff's right to dispute Fraley's assertion of confidentiality at a later time.

of the deposition, counsel for Defendant Marty Hesch produced a batch of 25 (twenty-five) pages of text messages between Defendant Marty Hesch and Defendant Edward Fraley. These text messages were responsive to Plaintiff's Requests for Production Propounded upon both Defendants Edward Fraley and Marty Hesch and have been withheld from Plaintiff by Defendant Fraley throughout this litigation. It is now unknown whether he destroyed text messages or willfully withheld them from Plaintiff. What is known is that Defendant Fraley continues to withhold discoverable information.

11.     For instance, Fraley refuses to respond to the following interrogatory: "Since 2004, on how many occasions has Centurion directed you to notify dealers that they would no longer be dealers for Centurion; who from Centurion instructed you to notify dealers they would no longer be dealers for Centurion; and how you were instructed?" Fraley has testified and represented that he was responsible for terminating Plaintiff as a Centurion dealer. Fraley also testified that he was responsible for terminating another Centurion dealer in Memphis. Given the knowledge that he is responsible for terminating dealers, how many he has terminated and under what circumstances he terminated Centurion dealers is discoverable information.

12.     Defendant Fraley has not fully complied with any discovery request for which he possesses responsive information, even those about which he agreed to remove his objection and comply with the request. He has interposed baseless objections, has failed to provide any specificity as to any remaining objections, and has failed to respond fully and completely to unopposed requests.

13.     For instance, in his responses, Defendant Fraley repeatedly purports to rely generally on his deposition instead of answering specific requests. *See, e.g., K.R.S. v. Bedford Cmty. Sch. Dist.*, No. 4:13-cv-00147-HCA, Dec. 15, 2014 (S. D. Iowa) ( 2014 U.S. Dist. LEXIS

187432) (finding that reference to numerous depositions fails to comply with Rule 30's mandate that each interrogatory be answered separately and fully); *J.S.X. v. Foxhoven*, No. 4:17-cv-00417-SMR-HCA, Jan. 9, 2019 (S.D. Iowa) (2019 U.S. Dist. LEXIS 242195) (finding wholesale reference to deposition testimony improper); *Glenn v. Bellsouth Telecomms, Inc.*, No. 8:04-23071-GRA-BHH, Feb. 23, 2006 (Dist. S. Carolina) (2006 U.S. Dist. LEXIS 107753) (finding to the extent the party was trying to rely on or incorporate information from deposition sources, it is a nonresponsive answer and citing cases). Most often, just as it is in his Responses, there is no specific answer in his deposition to the given interrogatory, either.

14.     Plaintiff's counsel has in good faith conferred with Defendant Fraley's counsel in an effort to obtain full responses and production of documents without Court intervention.

15.     Plaintiff moves for entry of an Order compelling Defendant Fraley to fully respond to Plaintiff's Interrogatories and Requests for Production of Documents.

16.     Pursuant to Fed. R. Civ. P. 37(a)(5) and other applicable law, Plaintiff requests an award of its reasonable expenses, including attorney's fees.

17.     Attached hereto are Defendant Edward Fraley's Objections and Responses to Plaintiff Stone Works, LLC's First Set of Interrogatories and Requests for Production of Documents (Exhibit A); Defendant Edward Fraley's Supplemental Objections and Responses to Plaintiff Stone Works, LLC's First Set of Interrogatories and Requests for Production of Documents and Production of Documents "Fraley 001-008" (Exhibit B); Plaintiff Stone Works' July 19, 2022 letter to Counsel for Defendant Fraley regarding deficiencies (Exhibit C); Defendant Edward Fraley's Second Supplemental Objections and Responses to Plaintiff Stone Works, LLC's First Set of Interrogatories and Requests for Production of Documents and Production of Documents "Fraley 009-011" (Exhibit D).

WHEREFORE, Plaintiff Stone Works, LLC, moves for entry of an Order compelling Defendant Edward Fraley to fully respond to Plaintiff's First Set of Interrogatories and Requests for Production; for his costs and attorney's fees, and for all other relief to which he may be entitled.

Respectfully submitted,

STONE WORKS, LLC

BY:     */s/ Timothy J. Giattina*
Timothy J. Giattina
Lassiter & Cassinelli
300 S. Spring St., Suite 800
Little Rock, Arkansas 72201
Ph: 501.370.9300
Fax: 501.370.9306
tim@lcarklaw.com
*Attorney for Plaintiff*

and

*/s/ Erin Cassinelli*
Erin Cassinelli
ABN 2005118
erin@lcarklaw.com
LASSITER & CASSINELLI
300 S. Spring St., Suite 800
Little Rock, AR 72201
(501) 370-9306
*Attorney for Plaintiff*

and

*/s/ Patrick R. James*
Patrick R. James
James House Swann & Downing P.A.
Post Office Box 3585
Little Rock, AR 72203-3585
501-372-6555
pjames@jamesandhouse.com

## CERTIFICATE OF SERVICE

I, Timothy J. Giattina, do hereby certify that a copy of the foregoing has been served, on the following counsel of record via electronic filing on this 29th of August, 2022:

Dustin McDaniel
Scott Richardson McDaniel
Wolff & Benca, PLLC
1307 West Fourth St. Little Rock, AR 72201
scott@mwbfirm.com
*Attorneys for Stone Concepts, LLC And Marty Hesch*

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400 Little Rock, AR 72201
dcarter@jamescarterlaw.com
*Attorney for Defendant Edward Fraley*

Jason C. Smith
AR #2006103
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
(417) 888-1000
(417) 881-8035 (facsimile)
jcsmith@spencerfane.com
*Attorney for Defendant Edward Fraley*

Harry E. "Bud" Cummins
AR #89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301 Little Rock, AR 72207
bud@budcumminslaw.com
*Attorney for Defendant Edward Fraley*

Via Email To Pro Se Parties Randy Sims, Megan Sims, and William Thomas


*/s/ Timothy J. Giattina*
Timothy J. Giattina