**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**Central Division**

| | | |
|---|---|---|
| STONE WORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00941-JM |
| | ) | |
| RANDY SIMS, MEGAN SIMS, WILLIAM | ) | |
| THOMAS, STONE CONCEPTS, LLC, | ) | |
| MARTY HESCH, and EDWARD FRALEY, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant Edward Fraley ("Fraley"), for his Response in Opposition to Plaintiff Stone Works, LLC ("Stone Works")'s *Motion to Compel Discovery* (ECF No. 59) and *Brief in Support* (ECF No. 60) thereof (collectively the "Motion to Compel"), states and suggests as follows:

**I.     INTRODUCTION**

Stone Works' Motion to Compel violates both Rule 37 and Local Rule 7.2(g), and constitutes yet another bad faith attempt to generate controversy surrounding discovery. Fraley has, in response to Stone Works' written discovery in this case, complied fully with the requirements contained in Fed. R. Civ. P. 33 and 34. Notably, its five (5) page Motion to Compel, Stone Works  specifically identifies only **one disputed discovery issue**, and spends the remainder to the Motion to Compel making general and unsupported accusations of wrongdoing by Fraley. In so doing, Stone Works makes clear that its Motion to Compel is not meant to resolve any significant discovery concerns, but is rather intended to further generate obstacles to the consideration of Fraley's Motion for Summary Judgment. *See* <u>Stone Works' Brief in Support of</u>

<u>Motion to Compel Discovery</u> (ECF No. 60), ¶ 1. Indeed, Stone Works unsubtly hints to this true basis for its Motion to Compel in the second sentence of its Brief in Support of its Motion to Compel, by arguing that "Fraley is attempting to jam through a Motion for Summary Judgment, while failing to adequately and fully respond to discovery." *See id.* Although again quick to cast aspersions, it is clear that, by filing its general and unfounded Motion to Compel discovery without satisfying its conferral obligations, it is Stone Works, not Fraley, that is abusing the discovery process.

Fraley timely responded to Stone Works' First Interrogatories and First Request for Production of Documents. Following a July 19, 2022 conferral with Stone Works' counsel, Fraley served his *Supplemental Objections and Responses to Stone Work's First Interrogatories and Requests for Production* (hereafter "Fraley's Supplemental Responses") on August 16, 2022. In the Motion to Compel, the sole specific discovery issue identified is Stone Works' dissatisfaction with Fraley's objections to Stone Works' Interrogatory No. 13. Aside from Interrogatory No. 13, which is addressed only briefly, the Motion to Compel additionally raises broad and general complaints regarding Fraley's Supplemental Responses, about which Stone Works' counsel has not attempted to confer. As set forth fully herein, each argument contained in the Motion to Compel fails and Stone Works has failed to satisfy its conferral obligations. The Motion to Compel must therefore be denied.

## II.   STANDARD

"Federal Rule of Civil Procedure 37 provides for various motions to compel discovery, depending on the failure of the other party. Applicable here, Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order to compel answers or production against another party does not adequately answer interrogatories under Rule 33 or produce documents under Rule 34."

SPR 17931840.4

*American Atheists, Inc. v. Rapert*, No. 4:19-cv-00017-KGB, 2022WL2959908, at *3 (E.D. Ark. July 26, 2022). Specifically, in such instances, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *See* Fed. R. Civ. P. 37(a)(3)(B). "However, Rule 37 is not a blanket enforcement mechanism." *See Rapert*, No. 4:19-cv-00017-KGB, 2022WL2959908, at *3.

In response to each interrogatory served pursuant to Rule 33, the responding party must fully and separately respond or state a specific objection thereto. *See* Fed. R. Civ. P. 33(B)(3). In response to a request for production for materials pursuant to Rule 34, a party must either produce or allow inspection of such materials, or state with specificity the grounds for objecting to the request. *See* Fed. R. Civ. P. 34(2)(B). However, a party must only produce or allow inspection of "items in the responding party's **possession, custody, or control**." *See id.* (emphasis added).

## III.   ARGUMENT

As Stone Works acknowledges in its Motion, undersigned counsel participated in a good faith conferral with Stone Works' counsel on July 19, 2022 arising from Fraley's initial responses to Stone Works' First Interrogatories and Requests for Production of Documents. *See* Stone Works' Brief in Support of Motion to Compel Discovery  (ECF No. 60), ¶ 7. During such conferrals, Stone Works limited certain of its discovery requests and Fraley agreed to fully respond to such requests. *See id.* The Motion to Compel likewise acknowledges that, on August 16, 2022,[1] Fraley served his Supplemental Responses. Notably, Stone Works has neither conferred nor attempted to confer since Fraley served his Supplemental Responses on August 16, 2022.

---

[1] Stone Works passively suggests that it was somehow wrongful for Fraley to take twenty-eight (28) days to supplement his discovery responses following the July 19, 2022 conferral, without explaining why it believes that the timing was objectionable. Following the July 19 conferral, Fraley performed a diligent search in order to provide full and complete responses consistent with the parties' conferral and timely supplemented his discovery requests. Stone Works' timing complaints are clearly misguided and should be disregarded.

SPR 17931840.4

Stone Works' Motion to Compel fails as a matter of law in several respects and must accordingly be denied. Most glaringly, despite being five pages in length, the Motion to Compel identifies and discusses only one specific discovery issue between the parties, by addressing Fraley's objections to Stone Works' Interrogatory No. 13. Aside from its (very brief) discussion of Fraley's objections to Interrogatory No. 13, Stone Works' fails to identify any additional specific discovery issues, but instead complains generally of the substance of Fraley's Supplemental Responses, which were served on August 16, 2022, yet about which Stone Works has not even attempted to confer with Fraley. As set forth fully below, Stone Works' Motion to Compel must be denied for various reasons, including that: (1) Fraley's objections to Stone Works' Interrogatory No. 13 are proper; (2) Fraley's discovery responses comply fully with Fed. R. Civ. P. 33 and 34; (3) Stone Works has failed satisfy its conferral obligations regarding Fraley's Supplemental Responses; and (4) Stone Works' Motion to Compel fails to identify any specific discovery dispute arising from Fraley's Supplemental Responses.

i.      **Fraley's Objections to Stone Works' Interrogatory No. 13 Are Proper**

As noted above, Stone Works' Motion to Compel addresses only one specific discovery dispute, which arises from Fraley's initial responses to Stone Works' written discovery. *See* <u>Stone Works' Brief in Support of Motion to Compel Discovery</u> (ECF No. 60), ¶ 7. Specifically, Stone Works contends that Fraley's objections to Interrogatory No. 13 are improper.[2] Contrary to Stone Works' arguments, however, Fraley's objections to Stone Works' Interrogatory No. 13 should be sustained. Interrogatory No. 13 provides as follows:

> Since 2004, on how many occasions has Centurion directed you to notify dealers
> that they would no longer be dealers for Centurion; what dealers have you notified

---

[2] Although Stone Works fails to specifically identify or cite the at-issue interrogatory in its Motion, Stone Works' recitation of the interrogatory suggests that Stone Works is referring to its Interrogatory No. 13. *See* <u>Stone Works' Brief in Support of Motion to Compel Discovery</u> (ECF No. 60), ¶ 7; *c.f.,* <u>Stone Works' Exhibit B (ECF No. 60-2)</u>, ¶ 13.

SPR 17931840.4

that they would no longer be dealers for Centurion; who from Centurion instructed you to notify dealers they would no longer be dealers for Centurion; and how were you instructed.

*See* Stone Works' Exhibit B (ECF No. 60-2), ¶ 13.

As undersigned counsel explained to Stone Works during the July 19, 2022 conferral, Interrogatory No. 13 is unquestionably overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *See id.* First, Interrogatory No. 13 lacks appropriate temporal and subject matter limitations. Stone Works' claims in this case concern acts that allegedly occurred in 2021, yet Interrogatory No. 13 seeks information dating back to 2004 – approximately seventeen (17) years prior. Moreover, the broad nature of Interrogatory No. 13 makes unclear what information Stone Works seeks regarding Fraley's notification to "dealers that they would no longer be dealers for Centurion." *See id.* Further clarification, along with reasonable time and subject matter limitations are accordingly warranted, and Fraley's objection to Stone Works' Interrogatory No. 13 should be sustained. Stone Works' Motion to Compel should therefore be denied as to Interrogatory No. 13.

> **ii.     Stone Works has Not Conferred, or Attempted to Confer, Regarding Fraley's Supplemental Responses, and All Remaining Portions of the Motion to Compel Related Thereto Must be Denied**

In its Motion to Compel, with the exception of its discussion of Interrogatory No. 13, Stone Works complains only generally regarding Fraley's Supplemental Responses. However, Stone Works has failed to satisfy the conferral requirements contained in Fed. R. Civ. P. 37 and Local Rule 7.2(g) with respect to Fraley's Supplemental Responses, despite affirmatively representing otherwise in its Motion.

Pursuant to Rule 37, a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

SPR 17931840.4

disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 7.2(d) provides requires that "all motions to compel discovery… shall contain a statement by the moving party that the parties have conferred in good faith on the **specific issue or issues in dispute**. If any motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule." (emphasis added).

Here, Stone Works did not attempt to confer with Fraley regarding the alleged issues addressed in Motion to Compel related to Fraley's Supplemental Discovery Responses. Instead, Stone Works complains in conclusory fashion that Fraley has not produced a sufficient number of documents in his Supplemental Discovery Responses, and therefore alleges the existence of some unspecified discovery violation. *See* Stone Works' Brief in Support of Motion to Compel Discovery (ECF No. 60), ¶ 7. Although Stone Works' Motion to Compel seeks relief almost exclusively based upon the alleged inadequacies of Fraley's Supplemental Discovery Responses, Stone Works has not attempted to confer regarding these alleged issues. All portions of Stone Work's Motion to Compel regarding Fraley's Supplemental Responses must accordingly be denied.

### iii.   Stone Works Fails to Identify Any Other Specific Issues in Dispute in the Motion to Compel, and Such Portions Must Accordingly be Denied

Despite committing a majority of its Motion to Compel to complaining about Fraley's Supplemental Responses, Stone Works has not identified any specific discovery dispute arising from Fraley's Supplemental Responses and, instead, merely states its general dissatisfaction with the information and materials produced by Fraley. This is obviously improper and does not constitute a basis for compelling discovery pursuant to Rule 37.

The Motion to Compel primarily argues, based solely on the number of documents produced by Fraley in comparison to Defendant Marty Hesch, that Fraley has or is presently

6

withholding discoverable information. Indeed, Stone Works boldly contends that it "is **known** that Defendant Fraley continues to withhold discoverable information." *See id.* at ¶¶ 8–10 (emphasis). This contention is both unsubstantiated and plainly false. As Mr. Fraley testified during his deposition, a true and accurate copy of which is attached hereto as <u>Exhibit 1</u>, Fraley failed to maintain complete copies of his work-related communications from before this litigation was initiated. *See* <u>Exhibit 1</u>, 17:23 – 18:16. Fraley accordingly does not have, in his possession, custody, or control, copies of prior text messages with Defendant Hesch. Fraley has produced **all** responsive materials in his possession, custody, and control, consistent with the July 19, 2022 agreement of the parties, and therefore has complied with his obligations pursuant to Rule 34. Stone Works' mere unfounded belief that there should have been more documents produced does not mean Fraley has committed any discovery violation. Finally, if Stone Works' had satisfied its conferral obligations pursuant to Rule 37 and Local Rule 7.2(g) (it did not), undersigned counsel could have communicated this fact to Stone Works without the need for Court intervention.

Aside from its chief complaint that Fraley has not produced a sufficient number of documents, Stone Works additionally complains generally about a single document containing redactions[3] and references to deposition testimony in discovery responses. *See* <u>Stone Works' Brief in Support of Motion to Compel Discovery</u> (ECF No. 60), ¶¶ 9, 13. As to the redaction issue, Stone Works complains that Fraley improperly redacted portions of the Declaration of Jody George, a true and accurate copy of which is attached hereto as <u>Exhibit 2</u>. This complaint is wholly disingenuous both because: (1) the redacted portions of the document are immaterial; (2) the

---

[3] Stone Works concedes that the redaction is "not a major issue" but nevertheless attempts to argue that it somehow evidences Fraley's broad lack of compliance with discovery obligations. *See* <u>Stone Works' Brief in Support of Motion to Compel Discovery</u> (ECF No. 60), n.2. It stands to reason that if, as Stone Work argues, Fraley had engaged in broad violations of the discovery rules, Stone Works would be able to specifically identify such violations. It has not, and indeed cannot.

SPR 17931840.4

redactions were a courtesy because the redacted portions contain **Stone Works' own business information**, and, most importantly, (3) undersigned counsel has **offered to remove the redactions** with the consent of Stone Works and Stone Concepts, LLC in its Cover Letter sent in connection with Fraley's Supplemental Discovery Responses, to which **Stone Works has never responded or addressed with Fraley**. A true and accurate copy of the Cover Letter is attached hereto as Exhibit 3.  Fraley has no objection to removing the redactions, and this issue could have been easily resolved without Court intervention, had Stone Works conferred consistent with Rule 37 and Local Rule 7.2(g)

Finally, as to Stone Works' complaints regarding Fraley's references to deposition testimony in discovery responses, it is unclear exactly which discovery requests Stone Works is referring to, given the lack of specificity. Nevertheless, any references to deposition testimony are not, as Stone Works contends, improper general references to Fraley's deposition testimony. *See* Stone Works' Brief in Support of Motion to Compel Discovery  (ECF No. 60), ¶ 13. Instead, in at least one discovery response, Fraley affirmatively states that he has no additional recollection of a particular phone conversation beyond what he described in his deposition testimony. *See* Stone Works' Exhibit B (ECF No. 60-2), at Interrogatory No. 11. This constitutes an appropriate statement within a discovery response. Again, however, conferral on the part of Stone Works would have obviated the need for Court intervention.

In sum, Stone Works' Motion to Compel fails to specifically identify any conceivable specific discovery issue arising from Fraley's August 19, 2022 Supplemental Responses. More importantly, each complaint related to Fraley's Supplemental Responses could have been easily resolved had Stone Works merely attempted to satisfy its conferral obligations. It is clear that the purpose of Stone Works' Motion to Compel is not to resolve any genuine discovery dispute arising

SPR 17931840.4

from Fraley's Supplemental Responses, but is instead meant to further impede and delay resolution of Fraley's Motion for Summary Judgment. This tactic clearly contravenes the letter and spirit of Rule 37 and Local Rule 7.2, all remaining portions of the Motion to Compel should accordingly be denied.

WHEREFORE, Defendant Edward Fraley respectfully requests the Court enter its order denying Stone Works, LLC's Motion to Compel Discovery (ECF No. 60), awarding Fraley his costs and reasonable attorney fees for Stone Works' violations of Fed. R. Civ. P. 37 and L.R. 7.2(g), and awarding Fraley such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

Jason C. Smith AR 2006103
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Mo. 65804
Telephone:  417-888-1000
Facsimile:   417-881-8035
jcsmith@spencerfane.com

and

Harry E. "Bud" Cummins AR 89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301
Little Rock, AR 72207
bud@budcumminslaw.com

and

Daniel R. Carter AR 80023
JAMES & CARTER, PLC
500 Broadway, Suite 400
Little Rock, AR 72201
dcarter@jamescarterlaw.com

*Attorneys for Defendant Edward Fraley*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 9th day of September, 2022, a true and accurate copy of the foregoing instrument was filed with the Court's electronic filing system, which sent notice of such filing to the following attorneys of record:

Rickey Hicks
Dustin McDaniel
Scott Richardson
McDaniel, Wolff & Benca, PLLC
1307 West Fourth St.
Little Rock, AR 72201
scott@mwbfirm.com
**Attorneys for Stone Concepts, LLC**
**And Hesch**

Erin Cassinelli
Lassiter & Cassinelli
300 S. Spring St., Suite 800
Little Rock, AR 72201
**erin@lcarklaw.com**

Timothy Giattina
Hodge, Calhoun Giattina, PLLC
711 W.3rd St.
Little Rock, AR 72201
tim@hcglawoffice.com
**Attorney for Plaintiff**

The undersigned hereby certifies further that on this 1st day of July 2022, a true and accurate copy of the foregoing instrument was mailed via U.S. Regular Mail postage prepaid to Pro Se Defendant William Thomas, 1205 Anemone Dr., North Little Rock, AR 72117, and Pro Se Defendant Megan Sims and Randy Sims, 136 Border Circle, Benton, AR 72015

Jason C. Smith AR 2006103

SPR 17931840.4