IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| STONE WORKS, LLC, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 4:21-CV-00941-JM |
| | ) |
| RANDY SIMS, ET AL | ) |
| | ) |
|       **Defendants.** | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT FRALEY'S MOTION TO STRIKE AMENDED RESPONSE TO STATEMENT OF FACTS**

Comes now the Plaintiff, Stone Works, LLC, by and through its undersigned attorneys, and for its Response to Defendant Edward Fraley's Motion to Strike Plaintiff's Amended Response to Defendant Fraley's Statement of Uncontroverted Material Facts (Doc. # 64), states as follows:

**PROCEDURAL HISTORY**

1. On March 15, 2022, Defendant Edward Fraley (herein "Fraley") filed a Motion for Summary Judgment (Doc. # 25), accompanied by his Brief in Support of said Motion (Doc. # 26), his Statement of Uncontroverted Material Facts (Doc. # 27), and supporting exhibits (Doc. # 27-1 through 27-7).

2. On June 10, 2022, Plaintiff filed its Response to Fraley's Motion for Summary Judgment and incorporated Brief (Doc. # 48), with accompanying exhibits (Doc. # 48-1 through 48-5) and its Statement of Controverted Facts and Material Facts at Issue (Doc. # 49). Plaintiff's initial response argued, *inter alia*, that Fraley's Motion for Summary Judgment was premature and should be denied because discovery was ongoing and Court intervention might be necessary to compel Fraley to fully respond to interrogatories and requests for production of documents. Doc.

# 48 at pp. 2, 8-9. Plaintiff's response included the affidavit of Plaintiff's counsel, Tim Giattina, requesting additional discovery prior to the Court ruling on Fraley's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d). See Doc. # 48-5.

3. On July 1, 2022, Fraley filed his Reply in Support of his Motion for Summary Judgment (Doc. # 52).

4. On July 8, 2022, Plaintiff filed its Motion for Leave to File Surreply (Doc. # 53), with accompanying Exhibits (Doc # 53-1 through 53-7). Over the following weekend, Plaintiff identified a typographical error and filed an amended Motion to correct the error (Doc. # 55) and filed a motion for leave to amend its motion for leave to file surreply (Doc. # 56). The thrust of said motion was that a surreply was necessary because (1) Fraley had thus far failed to produce documents responsive to Plaintiff's requests for production propounded in March of 2022,[1] and (2) documents produced by Defendant Hesch just one day prior included previously-undisclosed evidence supporting Plaintiff's arguments against summary judgment.[2] Plaintiff's Motion expressly stated:

> Plaintiff asks the Court to permit the filing of a surreply . . . once [Fraley] has actually produced the pertinent information and Plaintiff has expeditiously reviewed it and had sufficient time to address it in that pleading. Plaintiff should be given the opportunity to utilize information [Fraley] has gamefully withheld; and [Fraley] surely should not be granted summary judgment by refusing to comply with discovery obligations.
>
> Plaintiff is also continuing to review the discovery produced by Separate Defendant Marty Hesch and, given what has been reviewed so far, it is likely [Fraley] will be further implicated. As this evidence was newly discovered as of yesterday, Plaintiff should be afforded the opportunity to fully review and file a surreply to Defendant's Reply accordingly.

Doc. # 55 at p.8 ¶¶ 14-15.

---

[1] Doc. # 55 at pp. 1-4, ¶¶ 1-6
[2] Doc. # 55 at pp. 4-7, ¶¶ 7-12

5. On July 12, 2022, the Court granted Plaintiff's Motion for Leave to File Surreply, as amended. Doc. # 57. On August 8, 2022, the Court ordered Plaintiff to file its surreply on or before August 30, 2022. Doc. # 58.

6. On August 30, 2022, Plaintiff filed its Surreply to Fraley's Motion for Summary Judgment (Doc. # 62), together with accompanying exhibits (Doc. # 62-1 through 62-3, Doc. # 63), and its Amended Response to Fraley's Statement of Uncontroverted Material Facts (Doc. # 61).

7. On September 7, 2022, Fraley filed the pending Motion to Strike Plaintiff's Amended Response to Fraley's Statement of Uncontroverted Material Facts (Doc. # 64), and accompanying Brief in Support thereof (Doc. # 65), which Defendants Stone Concepts, LLC and Marty Hesch joined on September 8, 2022 (Doc. # 66).

## ARGUMENT

8. Fraley complains that Plaintiff's Amended Response to his Statement of Uncontroverted Material Facts should be stricken. Plaintiff's Motion for Leave to File Surreply [Doc. # 55] clearly contemplated the opportunity for Plaintiffs to present additional evidence disclosed in discovery after the filing of its Response to oppose Fraley's Motion for Summary Judgment. Fraley's Motion to Strike relies on Fraley's erroneous interpretation of Fed. R. Civ. P. 56 and Local Rule 56.1, neither of which require leave to file or require striking a response to Fraley's Statement of Material Facts.

9. Fraley's Motion to Strike claims that Plaintiff's Amended Response to Fraley's Statement of Uncontroverted Material Facts should be stricken as "it has not sought leave to file its Amended Response to Fraley's Statement of Uncontroverted Material Facts pursuant to Fed. R. Civ. P. 56(e)." Fed. R. Civ. P. 56(e) states the following: "(e) Failing to Properly Support or

Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

>(1) give an opportunity to properly support or address the fact;
>
>(2) consider the fact undisputed for purposes of the motion;
>
>(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
>(4) issue any other appropriate order."

Nowhere in Fed. R. Civ. P. 56(e) is Stone Works required to seek leave to file its Amended Response to Fraley's Statement of Uncontroverted Material Facts. To do so would be illogical and redundant given the Court's granting leave for the filing of Stone Works' Surreply. Regardless, the rule clearly permits the Court to allow a party an opportunity to support or address a fact after having failed to do so (an opportunity Plaintiff would need to request only after failing to do so in connection with the Surreply); thus, Fraley's suggestion that Plaintiff's Amended Responses should be stricken despite the Court having granted leave for the filing of a Surreply ignores both the text of the rule and the Court's order as to the Surreply.

10. Furthermore, a plain reading of Local Rule 56.1 suggests that Plaintiff was already provided leave by the Court to amend their Response to Fraley's Statement of Undisputed Material facts by virtue of being granted leave to file a Surreply. Local Rule 56.1(b) states the following: "(b) If the non-moving party opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried." Plainly read, the Amended Response to Defendant Fraley's Statement of Uncontroverted Facts that accompanied the Surreply is simply the separate, short and concise

statement of the material facts as to which it contends a genuine dispute exists to be tried. Fraley's illogical reading of the rules would require redundant action by parties and the Court.

11.     As Local Rule 56.1 does not expressly contemplate the filing of a surreply due to the movant's failure to produce responsive documents in discovery or prematurely seeking summary judgment before the parties have had a reasonable opportunity to conduct discovery, Plaintiff fairly reads Local Rule 56.1 to require filing an amended response to the movant's statement of undisputed facts when the surreply controverts a material fact based on newly received materials in the record.  Moreover, given Fraley's continued gamesmanship to obfuscate from the merits of the case, had Plaintiff filed its Surreply without amending its response to Fraley's statement of undisputed facts, Fraley would no doubt be arguing that Plaintiff's failure to do so would foreclose the Court from considering those additional materials when ruling on Fraley's Motion for Summary Judgment.

12.     Fraley's Motion to Strike complains that Plaintiff's amended response to his statement of undisputed material facts will further delay proceedings.  That is particularly ironic, given that the delay attributable to Plaintiff's Surreply arises from Fraley's own failure to fully answer interrogatories and timely produce responsive documents that Plaintiff has requested in discovery for months.  This continues to be an issue such that Plaintiff has had to resort to filing a Motion to Compel Discovery.  *See* Doc. # 59. Even more ironic is Fraley's request of alternative relief from the Court to file a "Sur-Sur-Reply" Brief. When it comes to delay, Fraley has unclean hands and invited the very error of which he now complains.

13.     Plaintiff's Amended Response to Fraley's Statement of Uncontroverted Material Facts cites to the following materials, which were not available to Plaintiff when it filed its initial

response on June 10, 2022, as evidence of a genuine issue of material fact precluding summary judgment:

    a.    August 25, 2022 Deposition Transcript of Separate Defendant Marty Hesch (hereinafter "Hesch"), Doc. # 68-1;

    b.    August 30, 2022 Deposition Transcript of Separate Defendant William Thomas (hereinafter "Thomas"), Doc. # 68-2;

    c.    Text messages exchanged between Fraley and Thomas, Doc. # 62-1, which were only produced by Fraley on July 15, 2022;

    d.    Text messages exchanged between Fraley and Hesch, Doc. # 62-2, which were only produced by Hesch on August 25, 2022, the date Plaintiff's counsel deposed him.

    e.    Text messages between Hesch and Separate Defendant Randy Sims, Doc. # 62-3, which were only produced by Hesch on July 7, 2022.

14. As to the remainder of the amendments to Fraley's statement of undisputed material facts, Plaintiffs' amended citations to the record do not prejudice Fraley in the slightest. All other documents cited in Plaintiff's Amended Response to Fraley's Statement of Uncontroverted Material Facts had already been identified in Plaintiff's initial Response and made a part of the record on the pending Motion for Summary Judgment. There is no need (or authority) for Fraley to respond to Plaintiff's Amended Response to his Statement of Uncontroverted Material Facts. Fraley's entire argument places form over substance in an attempt to circumvent the Court resolving his Motion for Summary Judgment on the merits of the case.

15. Finally, Fraley's Motion to Strike acknowledges the Court's authority to grant a non-moving party additional time to address a movant's assertion of fact. See Doc. # 65 at p. 3. Assuming, *arguendo*, that Plaintiff erroneously interpreted the Court's Order (Doc. # 57) granting

leave to file its surreply as also authorizing it to file an amended response to Fraley's statement of undisputed material facts in connection therewith, the Plaintiff requests and the Court should enter an Order *nunc pro tunc* authorizing the filing of its Amended Response, Doc. # 61.

16.     For the foregoing reasons, Fraley's Motion to Strike should be denied.

WHEREFORE, Plaintiff prays that Defendant Fraley's Motion to Strike be denied, or alternatively, for entry of an Order *nunc pro tunc* authorizing the filing of Plaintiff's Amended Response to Defendant Fraley's Statement of Uncontroverted Material Facts, for its costs and attorney's fees, and for all other proper relief to which it may be entitled.

        Respectfully submitted,

        STONE WORKS, LLC

BY:    ERIN CASSINELLI    ABN 2005118
        TIMOTHY J. GIATTINA    ABN 2011271
        LASSITER & CASSINELLI
        300 S. Spring St., Suite 800
        Little Rock, Arkansas 72201
        Ph: 501.370.9300
        Fax: 501.370.9306
        erin@lcarklaw.com
        tim@lcarklaw.com

        and
        PATRICK R. JAMES    ABN 82084
        JAMES HOUSE SWANN & DOWNING P.A.
        Post Office Box 3585
        Little Rock, AR 72203-3585
        501-372-6555
        pjames@jamesandhouse.com

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Timothy J. Giattina, do hereby certify that a copy of the foregoing has been served, on the following counsel of record via electronic filing on this 21st day of September, 2022:

Dustin McDaniel
Scott Richardson McDaniel
Wolff & Benca, PLLC
1307 West Fourth St. Little Rock, AR 72201
scott@mwbfirm.com
*Attorneys for Stone Concepts, LLC And Marty Hesch*

Daniel R. Carter
James & Carter, PLC
500 Broadway, Suite 400 Little Rock, AR 72201
dcarter@jamescarterlaw.com
*Attorney for Defendant Edward Fraley*

Jason C. Smith
AR #2006103
2144 E. Republic Road, Suite. B300
Springfield, Missouri 65804
(417) 888-1000
(417) 881-8035 (facsimile)
jcsmith@spencerfane.com
*Attorney for Defendant Edward Fraley*

Harry E. "Bud" Cummins
AR #89010
The Law Offices of Bud Cummins
1818 N. Taylor St. #301 Little Rock, AR 72207
bud@budcumminslaw.com
*Attorney for Defendant Edward Fraley*

Via Email To Pro Se Parties Randy Sims, Megan Sims, and William Thomas

                                                */s/ Timothy J. Giattina*
                                                Timothy J. Giattina